UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **EDCV 21-1280 JGB (KKx)** | Date | February 23, 2022 |
|---|---|---|---|
| Title | ***Roger Wayne Parker v. County of Riverside et al.*** | | |

| Present: The Honorable | JESUS G. BERNAL, UNITED STATES DISTRICT JUDGE |
|---|---|

| MAYNOR GALVEZ | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings: Order (1) GRANTING-IN-PART and DENYING-IN-PART Defendants' Motion for Judgment on the Pleadings (Dkt. No. 33); and (2) VACATING the February 28, 2022 Hearing.**

Before the Court is the motion for judgment on the pleadings filed by Defendants Riverside County (the "County"), Paul E. Zellerbach ("D.A. Zellerbach"), Sean Lafferty, Tricia Fransdal, and Jeff Van Wagenen (collectively, "Defendants"). ("Motion," Dkt. No. 33.) The Court finds this matter appropriate for resolution without a hearing. See Fed. R. Civ. P. 78; L.R. 7-15. After considering the papers filed in support of and in opposition to the Motion, the Court GRANTS-IN-PART and DENIES-IN-PART Defendants' Motion. The February 28, 2022 hearing is VACATED.

## I. BACKGROUND

Plaintiff Roger Wayne Parker ("Mr. Parker" or "Plaintiff") alleges civil rights violations against Defendants. On July 29, 2021, Mr. Parker filed his Complaint alleging four causes of action: (1) malicious prosecution under 42 U.S.C. § 1983; (2) violation of the Fifth Amendment right to due process and withholding of exculpatory evidence under 42 U.S.C. § 1983; (3) unconstitutional custom, practice, or policy under 42 U.S.C. § 1983; and (4) declaratory and injunctive relief. (See "Complaint," Dkt. No. 1.)

On January 19, 2022, Defendants filed the instant Motion. Plaintiff opposed on February 7, 2022 ("Opposition," Dkt. No. 38); and Defendants responded on February 14, 2022 ("Reply," Dkt. No. 39).

## II. FACTUAL ALLEGATIONS

Plaintiff alleges the following facts, which are assumed to be true for the purposes of this Motion. See Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc., 896 F.2d 1542, 1550 (9th Cir. 1989).

Mr. Parker alleges that he was prosecuted for a murder that the Riverside County District Attorney's Office knew he did not commit. (Complaint at 7-9.) On March 18, 2010, Brandon Stevenson was murdered in the home of Mr. Parker's roommate, Willie Womack. (Id. at 3.) Mr. Parker alleges that he was not home when the police arrived at the scene and that, after returning home, he was detained and questioned by the police. (Id.) Mr. Parker, who is developmentally delayed, ultimately confessed to the murder, though he "said he made the whole thing up because they kept pressuring him to stay something." (Id.; "Exhibit A," Dkt. No. 1-1.)

Mr. Parker claims that the first prosecutor assigned to the case, Deputy D.A. Lisa DiMaria, recognized his confession as a sham because it was coerced and inconsistent with physical evidence. (Complaint at 4.) In July 2011, DiMaria wrote a memorandum to her supervisors requesting authorization to "no file" the case after Mr. Parker's preliminary hearing.[1] (Id.) Instead of dismissing the case, Defendant Sean Lafferty removed DiMaria from the case and reassigned it to Assistant D.A. Chris Ross. (Id. at 4.) Ross was told that the case was reassigned to him because Defendant D.A. Zellerbach still wanted Mr. Parker prosecuted, despite DiMaria's belief in Mr. Parker's innocence. (Id. at 4, 5.)

Through memos and conversations from 2011 through 2014, Assistant D.A. Ross told Defendant Lafferty that he believed Mr. Parker was being held without probable cause. (Id. at 5, 6.) Despite that, Defendants D.A. Zellerbach, Lafferty, Jeff Van Wagenen, and Tricia Fransdal (the "Individual Defendants") refused to dismiss the case. (Id. at 6.)

In fall 2013, Ross obtained recordings of jail telephone calls where Womack—Mr. Parker's former roommate—admitted to the murder. (Id. at 7.) Assistant D.A. Ross promptly informed Defendant Lafferty, who told Ross not to disclose these calls to Mr. Parker's attorney. (Id.) Defendant Lafferty then removed Ross from the case. (Id.) Approximately six months later, Defendant Fransdal moved to dismiss the case without prejudice due to insufficiency of the evidence. (Id.) A preliminary hearing was never held. (Id. at 6 n.15.) Mr. Parker was unaware of Womack's recorded confession until October 2020. (Id. at 7.)

//
//
//
//
//

[1] The case never made it a preliminary hearing, though, because the case was ultimately dismissed. (Id. at 6 n.15.)

## III. LEGAL STANDARD

### A. Motion for Judgment on the Pleadings Under 12(c)

Like a Rule 12(b)(6) motion, a motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) challenges the legal sufficiency of the opposing party's pleadings. For purposes of a Rule 12(c) motion, the non-moving party's allegations must be accepted as true, while the moving party's allegations that have been denied are assumed to be false. Hal Roach, 896 F.2d at 1550. In addition, the non-movant's allegations must be construed in her favor. Gen. Conf. Corp. of Seventh-Day Adventists v. Seventh-Day Adventist Congregational Church, 887 F.2d 228, 230 (9th Cir. 1989). Judgment on the pleadings is proper when the moving party establishes that no material issue of fact remains to be resolved and that it is entitled to judgment as a matter of law. Hal Roach, 896 F.2d at 1550.

A court typically cannot go beyond the pleadings to resolve an issue in a motion for judgment on the pleadings without converting the motion into one for summary judgment. Id. However, there are several exceptions to this rule: a court may still properly consider exhibits attached to the non-movant's pleading, documents referred to in the non-movant's pleading, and judicially noticeable facts. Yang v. Dar Al-Handash Consultants, 250 F. App'x 771, 772 (9th Cir. 2007); Signal Hill Serv., Inc. v. Macquarie Bank Ltd., 2013 WL 12243947, at *2 (C.D. Cal. Feb. 19, 2013).

Where granting a motion for judgment on the pleadings, a court should grant leave to amend if the complaint can be cured by additional factual allegations. Somers v. Apple, Inc., 729 F.3d 953, 960 (9th Cir. 2013). However, "dismissal without leave to amend is proper if it is clear that the complaint [cannot] be saved by amendment." Id. (citation omitted).

### B. Monell Claims

Section 1983 creates a cause of action against any person who, while acting under color of state law, causes another to be deprived of a federally protected constitutional right. 42 U.S.C. § 1983. Claims that law enforcement officers have used excessive force are generally Fourth Amendment claims, and are thus "properly analyzed under the Fourth Amendment's 'objective reasonableness' standard." Graham v. Connor, 490 U.S. 386, 388 (1989).

However, under section 1893, "local governments are responsible only for 'their own illegal acts.'" Connick v. Thompson, 563 U.S. 51, 60 (2011) (quoting Pembaur v. Cincinnati, 475 U.S. 469, 479 (1986)). Vicarious liability does not attach. See City of Canton v. Harris, 489 U.S. 378, 385 (1989) (citing Monell v. Dep't of Soc. Servs., 436 U.S. 658, 694-695 (1978)). Under Monell, liability attaches to a municipality or other local government only where "the governmental body itself 'subjects' a person to a deprivation of rights or 'causes' a person 'to be subjected' to such deprivation." 436 U.S. at 692.

"Although a constitutional violation must result from 'official municipal policy,' such a policy need not be expressly adopted by a municipality. It is sufficient that the constitutional violation occurred pursuant to a 'longstanding practice or custom.'" Christie v. Iopa, 176 F.3d 1231, 1235 (9th Cir. 1999) (internal citation omitted). "Liability for improper custom may not be predicated on isolated or sporadic incidents; it must be founded upon practices of sufficient duration, frequency and consistency that the conduct has become a traditional method of carrying out policy." Trevino v. Gates, 99 F.3d 911, 918 (9th Cir. 1996). A claim may also be based on a "policy of inaction," including "failure to implement procedural safeguards to prevent constitutional violations"; but to make this showing, the plaintiff must show—in addition to a constitutional violation—that the policy of inaction amounted to "deliberate indifference" to the plaintiff's constitutional right. Tsao v. Desert Palace, Inc., 698 F.3d 1128, 1143 (9th Cir. 2012); see also Long v. Cty. of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006) (an unconstitutional policy "can be one of action or inaction").

## IV. DISCUSSION

### A. Claim 1: Malicious Prosecution

Defendants argue that Mr. Parker's first claim for malicious prosecution under 42 U.S.C. § 1983 is time-barred. (Motion at 4, 5.) The Court agrees.

The statute of limitations for a section 1983 cause of action is borrowed from the forum state's statutes of limitations for personal injury torts, which—the parties agree—is two years under California law. (See Opposition at 5.) Wallace v. Kato, 549 U.S. 384, 387 (2007); Lukovsky v. City & Cty. of San Francisco, 535 F.3d 1044, 1048 (9th Cir. 2008). The accrual date of a section 1983 claim, however, is governed by federal law. See Lukovsky, 535 F.3d at 1048. Under federal law, the statute of limitation begins to run on the date on which the plaintiff "knows or has reason to know of the injury which is the basis of the action." Id. (quotations omitted). In other words, "accrual occurs when the plaintiff has a complete and present cause of action"— "that is, when the plaintiff can file suit and obtain relief." Wallace v. Kato, 549 U.S. 384, 388 (2007) (citations and quotations omitted). A claim for malicious prosecution, in particular, begins accruing when the allegedly deficient criminal case is terminated in favor of the accused. See Heck v. Humphrey, 512 U.S. 477, 484 (1994) ("One element that must be alleged and proved in a malicious prosecution action is termination of the prior criminal proceeding in favor of the accused.").

Here, Defendants argue that Mr. Parker filed his Complaint more than five years too late: because the charges against him were dismissed on March 6, 2014, the last date to file timely his Complaint was two years later, on March 6, 2016—yet Mr. Parker did not do so until July 29, 2021. (See Motion at 4, 5.) Although Mr. Parker admits that there is a two-year statute of limitations for his malicious prosecution claim, he argues that this claim is not time-barred because it was tolled—pursuant to California's delayed discovery rule—until he became aware of Womack's confession to the murder. (See Opposition at 5-7.)

State tolling statutes apply to section 1983 claims. Hardin v. Straub, 490 U.S. 536, 543-44 (1989). California's delayed discovery rule delays the accrual of a cause of action until "the plaintiff discovers, or has reason to discover, the cause of action." Fox v. Ethicon Endo-Surgery, Inc., 35 Cal.4th 797, 807 (2005). "A plaintiff has reason to discover a cause of action when he or she has reason at least to suspect a factual basis for its elements." Id. (citations and quotations omitted). These elements refer merely to the "generic elements" of "wrongdoing, causation, and harm"; so applying the discovery rule does not require a "hypertechnical approach." See id. Thus, "[r]ather than examining whether the plaintiffs suspect facts supporting each specific legal element of a particular cause of action, we look to whether the plaintiffs have reason to at least suspect that a type of wrongdoing has injured them." Id.; see S.M. v. Los Angeles Unified Sch. Dist., 184 Cal.App.4th 712, 717 (2010).

For the delayed discovery rule to apply, "a plaintiff must plead: (1) the time and manner of discovery and (2) the inability to have made earlier discovery despite reasonable diligence." Fox, 35 Cal. 4th at 808 (2005). "In assessing the sufficiency of the allegations of delayed discovery, the court places the burden on the plaintiff to show diligence; conclusory allegations will not withstand demurrer." Id.

Here, the Court finds that the delayed discovery rule does not apply to Mr. Parker's malicious prosecution claim. Mr. Parker's only claimed basis for applying the delayed discovery rule is that he was unaware until October 2020 that there was evidence—Womack's recorded confession to the murder—proving that Mr. Parker did not commit the murder for which he was arrested. (See Complaint at 7; Opposition at 7.) However, Mr. Parker also alleges that he was not home when the murder occurred on March 18, 2010; that he was pressured to falsely confess to the murder that same day; and that his criminal case was dismissed due to insufficiency of the evidence. (Complaint at 3, 7.) Thus, at the time that his criminal case was dismissed, Mr. Parker knew that he "had an injury that was cause by the Defendants' wrongful conduct," precluding application of the delayed discovery rule. See Clarke v. Upton, 703 F.Supp.2d 1037, 1046 (E.D. Cal. 2010); see also Cherry v. Tyler, 2019 WL 1060045, at *13 (E.D. Cal. Mar. 6, 2019) (finding that the delayed discovery rule did not apply to a claim for false arrest because "Plaintiff would have known at the moment of arrest that it was wrongful, because Plaintiff alleges that Sgt. Tyler lied about the events at the football game to suborn the arrest. Thus, at the time of arrest Plaintiff discovered or had reason to discover his causes of action. At the very least, Plaintiff certainly had 'notice of information of circumstances to put a reasonable person on inquiry.'" (quoting Jolly v. Eli Lilly & Co., 44 Cal.3d 1103, 1111 (1988))).

Indeed, Mr. Parker's discovery of Womack's recorded confession was not the first time he was placed on notice of an injury caused by Defendants' wrongful conduct. See, e.g., Cherry, 2019 WL 1060045, at *13 ("The discovery of the te[x]t messages was not the first notice to Plaintiff of any injury.") Mr. Parker pleads no facts to explain "why he was not on inquiry notice at the time" his criminal case was dismissed, or "why he otherwise could not have discovered his injuries with reasonable diligence" at the time his case was dismissed. See id. Although Plaintiff alleges that Defendants fraudulently concealed Womack's confession (see Opposition at 6-7),

Mr. Parker's discovery of Womack's confession went only to the strength of Mr. Parker's claim—not to whether he had inquiry notice of it.

The delayed discovery rule therefore does not apply here, so the last date to timely file this claim was on March 6, 2016. Accordingly, the Court GRANTS the Motion as to Plaintiff's claim for malicious prosecution WITHOUT LEAVE TO AMEND.

**B. Claim 2: Brady-Related Claim**

Mr. Parker's Brady-related section 1983 claim for violation of the Fifth Amendment right to due process and exculpatory evidence alleges that Defendant Lafferty—acting in concert with the other Individual Defendants—failed to disclose Womack's recorded jail-call confession to the murder for which Mr. Parker was wrongly imprisoned. (Complaint at 13, 14.) Mr. Parker contends that the disclosure of that evidence would have been "overwhelming proof" of his innocence and would have led to his release from incarceration six months earlier. (Id. at 14.)

The parties do not appear to dispute that that evidence was material or suppressed. Defendants, however, argue that—as a matter of law—a conviction is required to establish prejudice for a Brady-based section 1983 claim, and that, therefore, Mr. Parker's claim fails. (Id. at 13; Motion at 5-6; Reply at 8-9.) The Court disagrees.

Mr. Parker's cause of action based on Defendants' withholding exculpatory evidence presents a colorable claim in the Ninth Circuit. No binding authority in this Circuit holds that a conviction is required to establish prejudice for a Brady-based section 1983 claim. Defendants, in fact, cite only to out-of-Circuit cases[2]; an unpublished, non-precedential Ninth Circuit memorandum disposition[3]; and a non-binding Ninth Circuit concurrence[4] as authority for such a rule. It is no wonder that "[t]his issue has not yet been definitively resolved in the Ninth Circuit." Gutierrez v. Solano, 862 F.Supp.2d 1037, 1041 (C.D. Cal. 2012).

In Brady v. Maryland, 373 U.S. 83, 87 (1963), the Supreme Court held that a prosecutor must disclose evidence favorable to the accused where the evidence is material to either guilt or punishment. "There are three components of a true Brady violation: [1] The evidence at issue

---

[2] See McCune v. City of Grand Rapids, 842 F.2d 903, 907 (6th Cir. 1988); Flores v. Satz, 137 F.3d 1275, 1278 (11th Cir. 1998); Morgan v. Gertz, 166 F.3d 1307, 1310 (10th Cir. 1999); Jean v. Collins, 221 F.3d 656, 663 (4th Cir. 2000); Becker v. Kroll, 494 F.3d 904, 924 (10th Cir. 2007).

[3] See Puccetti v. Spencer, 476 Fed. App'x. 658, 660-661 (9th Cir. 2011) (finding that "the district court correctly reasoned that because the plaintiffs' criminal charges were dismissed, the plaintiffs cannot show that any suppressed evidence could have produced a different result at trial").

[4] Smith v. Almada, 623 F.3d 1078 (9th Cir. 2010), withdrawn and superseded by 640 F.3d 931, 941-945 (9th Cir. 2011) (Gwin, J., concurring). In that superseding opinion, the Almada court declined to reach the issue of whether a conviction is required for a Brady claim.

must be favorable to the accused, either because it is exculpatory, or because it is impeaching; [2] that evidence must have been suppressed by the State, either willfully or inadvertently; and [3] prejudice must have ensued." Strickler v. Greene, 527 U.S. 263, 281–82 (1999).

Although most Brady-related cases discuss prejudice in the trial context, the Ninth Circuit has held that Brady obligations do not attach only to trial: "The suppression of material evidence helpful to the accused, whether at trial or on a motion to suppress, violates due process if there is a reasonable probability that, had the evidence been disclosed, the result of the proceeding would have been different." United States v. Gamez-Orduno, 235 F.3d 453, 461 (9th Cir. 2000) (emphasis added). And, in fact, in the only opportunity that the Supreme Court has had "to determine whether procedural due process is violated where non-disclosure of exculpatory evidence leads to something other than conviction following a trial,"[5] the Supreme Court "did not rule that the 'fair trial' protection afforded by the Brady rule has no general application in the pre-trial context"—even though ruling so would have resolved the case. See Unopposed Motion of Amici Curiae National Police Accountability Project and Human Rights Defense Center to File Brief in Support of Plaintiff–Appellant's Petition for Rehearing En Banc, 623 F.3d 1078 (9th Cir. 2010) (Nos. 09–55346, 09–55334, 09–55345), 2010 WL 5650094, at *7-8.

Here, Mr. Parker alleges that prejudice ensued following the State's non-disclosure of exculpatory evidence. In September or October 2013, after Defendants allegedly obtained—yet withheld—Womack's recorded jail-call confession to the murder, Mr. Parker sat in jail for six additional months. (Complaint at 7.) The government's case against Mr. Parker appeared shoddy to begin with, allegedly stemming from an induced false confession that led the first assigned prosecutor to refuse to prosecute the case. (See id. 3-6.) Altogether, Mr. Parker alleges that he was wrongly imprisoned for nearly four years for a murder he did not commit. (See id. 4, 7.) Under these circumstances, where Mr. Parker experienced an additional, prolonged period of pretrial confinement seemingly but-for the government's non-disclosure of material, exculpatory evidence, the Court finds that it cannot rule—as a matter of law—that Mr. Parker's Brady-related claim must be dismissed.

The Court therefore DENIES the Motion as to Mr. Parker's second claim.

### C. Claim 3: Monell

Defendants seek to dismiss Mr. Parker's Monell claim against the County for an unconstitutional custom, practice, or policy under 42 U.S.C. § 1983. Defendants' sole argument is that because the Monell claim is contingent on the underlying constitutional violations of the first two claims, the Monell claim cannot survive if those first two claims fail. (Motion at 6; Reply at 9.) However, as discussed above, Mr. Parker's first claim may be amended and his second claim survives as a matter of law; therefore, the Monell claim survives. Accordingly, the Court DENIES the Motion as to the Monell claim.

[5] Namely, United States v. Ruiz, 536 U.S. 622 (2002).

**D. Claim 4: Declaratory and Injunctive Relief**

Defendants seek to dismiss Mr. Parker's fourth claim for declaratory and injunctive relief, which asks the Court to "fashion an appropriate injunction to permanently enjoin the D.A.'s Office from engaging in" certain wrongful practices. (Complaint at 16.) Mr. Parker argues that that claim survives because his other underlying claims survive. (Opposition at 10.)

Defendants, however, contend that even if Mr. Parker's other claims survive, this claim fails as a matter of law because Mr. Parker has not satisfied the injury-in-fact requirement. (Motion at 7-8.) Mr. Parker does not address that argument in his Opposition and, therefore, concedes it. See Kroeger v. Vertex Aerospace LLC, 2020 WL 3546086, at *8 (C.D. Cal. June 30, 2020) (holding that plaintiff conceded argument by failing to address it in his opposition brief) (collecting cases); see also Stichting Pensioenfonds ABP v. Countrywide Fin. Corp., 802 F. Supp. 2d 1125, 1132 (C.D. Cal. 2011) ("in most circumstances, failure to respond in an opposition brief to an argument put forward in an opening brief constitutes waiver or abandonment in regard to the uncontested issue") (citation and quotations omitted).

Even so, the Court agrees that Mr. Parker's fourth claim must be dismissed because he does not allege "that there is a threat of him being the victim of prosecutorial misconduct again in the future" (Motion at 7); and that, even if he does allege such a future threat, he fails to "demonstrate a significant threat of irreparable injury." See Big Country Foods, Inc. v. Bd. of Educ. of Anchorage Sch. Dist., Anchorage, Alaska, 868 F.2d 1085, 1088 (9th Cir. 1989).

The Court therefore DISMISSES Mr. Parker's fourth claim for declaratory and injunctive relief WITHOUT LEAVE TO AMEND.

**E. The County as a Defendant**

Lastly, Defendants argue that even if the Court does not dismiss Mr. Parker's first two claims, the County should nevertheless be dismissed from those claims because they were allegedly inflicted solely by the individual defendants. (Motion at 8.) Mr. Parker does not object to Defendants' request "as long as these [two] claims may be pursued against Defendant County under a Monell theory of liability under the third cause of action" of an unconstitutional custom, practice, or policy. (Opposition at 10.)

Mr. Parker's caveat is unnecessary. As Defendants correctly identify, although Mr. Parker "may base his Monell claim on his allegation that Defendant County has an unlawful custom, pattern, or practice of maliciously prosecuting innocent defendants and withholding exculpatory evidence from defendants," he "cannot pursue those claims under the umbrella of Monell." (Reply at 11.) Accordingly, the Court DISMISSES Riverside County from Mr. Parker's first two claims for malicious prosecution and a Brady-related violation WITHOUT LEAVE TO AMEND.

//

## V. CONCLUSION

Defendants' Motion is GRANTED-IN-PART and DENIED-IN-PART. Mr. Parker shall file an Amended Complaint, if any, by March 4, 2022. The February 28, 2022 hearing is VACATED.

**IT IS SO ORDERED.**