UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **EDCV 21-1280 JGB (KKx)** | Date | May 5, 2022 |
|---|---|---|---|
| Title | *Roger Wayne Parker v. County of Riverside et al.* | | |

| Present: The Honorable | JESUS G. BERNAL, UNITED STATES DISTRICT JUDGE |
|---|---|

| MAYNOR GALVEZ | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:** Order (1) GRANTING Defendants' Motion for Interlocutory Appeal (Dkt. No. 47); and (2) VACATING the May 9, 2022 Hearing (IN CHAMBERS)

  Before the Court is the motion of Defendants Riverside County, Paul E. Zellerbach, Sean Lafferty, Tricia Fransdal, and Jeff Van Wagenen (collectively, "Defendants") to certify this Court's February 23, 2022 order on Defendants' motion for judgment on the pleadings ("MJOP Order," Dkt. No. 44) for interlocutory appeal. ("Motion," Dkt. No. 33.) The Court finds this matter appropriate for resolution without a hearing. See Fed. R. Civ. P. 78; L.R. 7-15. After considering the papers filed in support of and in opposition to the Motion, the Court **GRANTS** Defendants' Motion. The May 9, 2022 hearing is **VACATED**.

## I. BACKGROUND

  Plaintiff Roger Wayne Parker ("Mr. Parker") alleges that he was prosecuted for a murder that the Riverside County District Attorney's Office knew he did not commit. ("Complaint," Dkt. No. 1, at 7-9.) To that end, Mr. Parker filed a Complaint on July 29, 2021, alleging four causes of action: (1) malicious prosecution under 42 U.S.C. § 1983; (2) violation of the Fifth Amendment right to due process and withholding of exculpatory evidence under 42 U.S.C. § 1983; (3) unconstitutional custom, practice, or policy under 42 U.S.C. § 1983; and (4) declaratory and injunctive relief. (See Complaint.)

  On February 23, 2022, the Court granted-in-part and denied-in-part Defendants' motion for judgment on the pleadings. (See MJOP Order.) On March 28, 2022, Defendants filed the instant Motion, which asks this court to certify the JMOP Order for interlocutory appeal. Mr.

Parker opposed on April 7, 2022 ("Opposition," Dkt. No. 50); and Defendants replied on April 11, 2022 ("Reply," Dkt. No. 52).

## II.  LEGAL STANDARD

Generally, an appellate court should not review a district court ruling until after the entry of final judgment.  See 28 U.S.C. § 1291; Hansen v. Schubert, 459 F. Supp. 2d 973, 999 (E.D. Cal. 2006) (citing Coopers & Lybrand v. Livesay, 437 U.S. 463, 474 (1978) and In re Cement Antitrust Litig., 673 F.2d 1020, 1026 (9th Cir. 1982), aff'd sub nom. Arizona v. Ash Grove Cement Co., 459 U.S. 1190 (1983)).  There are, however, situations in which "appellate review of a particular ruling will materially advance disposition of the claims before the trial court." Morrison-Knudsen Co., Inc. v. Archer, 655 F.2d 962, 966 (9th Cir. 1981).  In such cases, "the appropriate procedure for the district court is to certify its order for interlocutory appeal under 28 U.S.C. § 1292(b)."  Id.  Section 1292(b) provides:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order.  The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order: Provided, however, That application for an appeal hereunder shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order.

28 U.S.C. § 1292(b).

"An interlocutory appeal should be granted 'only in exceptional situations in which allowing [such an appeal] would avoid protracted and expensive litigation.'"  Hansen, 459 F. Supp. 2d at 999–1000 (quoting In re Cement Antitrust Litig., 673 F.2d at 1026).  "The party seeking certification of an interlocutory appeal has the burden to show the presence of those exceptional circumstances."  Id. at 1000.  Indeed, "Congress did not intend district courts to certify interlocutory appeals 'merely to provide review of difficult rulings in hard cases.'"  U.S. Rubber Co. v. Wright, 359 F.2d 784, 785 (9th Cir. 1966).

Under Section 1292(b), a district court must make three findings before certification of an order for immediate appeal is appropriate: (1) that the order involves a controlling question of law about which (2) there is substantial ground for difference of opinion and (3) that an immediate appeal will advance the ultimate termination of the litigation.  28 U.S.C. § 1292(b); see In re Cement Antitrust Litig., 673 F.2d at 1026.  If the district court includes such findings in its order, then the circuit court will determine "whether the district court has properly found that the certification requirements of [§ 1292(b)] have been met," and whether it will, in its discretion, permit the appeal.  Id.  "Though there is no specified time limit for seeking certification,

§ 1292(b) provides for an immediate appeal, and a district judge should not grant an inexcusably dilatory request." Wallis v. Centennial Ins. Co., 2012 WL 1552766, at *1 (E.D. Cal. May 1, 2012) (quotations omitted).

### III. DISCUSSION

Defendants move this Court for an order certifying the JMOP Order for interlocutory appeal pursuant to 28 U.S.C. § 1292(b) "on the issue of whether a conviction is required to establish prejudice for a Brady-based § 1983 claim."[1] (Motion at 2.) As noted above, Defendants carry the burden of providing (1) that the JMOP Order "involves a controlling question of law," (2) "as to which there is substantial ground for difference of opinion," and (3) "that an immediate appeal . . . may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b); see In re Cement Antitrust Litig., 673 F.2d at 1026.

**A. Controlling Question of Law**

First, Defendants establish that the JMOP Order involves a controlling question of law. (See Motion at 5-6.) A question is "controlling" if the "resolution of the issue on appeal could materially affect the outcome of litigation in the district court." In re Cement Antitrust Litig., 673 F.2d at 1026. As Defendants correctly argue, the question of whether a conviction is required to establish prejudice for a Brady-based § 1983 claim is a pure question of law that is central to deciding Mr. Parker's remaining causes of action. (Motion at 5-6.) Accordingly, the issue that Defendants seek to certify is a controlling question of law that would materially affect the outcome of the litigation.

**B. Substantial Ground for Difference of Opinion**

Second, Defendants have carried their burden of demonstrating that there is a substantial ground for difference of opinion on whether a conviction is required to establish prejudice for a Brady-based § 1983 claim. (See Motion at 6-9.) "Courts traditionally will find that a substantial ground for difference of opinion exists where 'the circuits are in dispute on the question and the court of appeals of the circuit has not spoken on the point, if complicated questions arise under foreign law, or if novel and difficult questions of first impression are presented.'" Couch v. Telescope Inc., 611 F.3d 629, 633 (9th Cir. 2010) (quoting 3 Federal Procedure, Lawyers Edition § 3:212 (2010)). "Substantial grounds for difference of opinion thus exist where 'novel legal issues are presented, on which fair-minded jurists might reach contradictory conclusions." Env't World Watch, Inc. v. Walt Disney Co., 2014 WL 10979864, at *3 (C.D. Cal. Apr. 2, 2014) (quoting Reese v. BP Exploration (Alaska) Inc., 643 F.3d 681, 688 (9th Cir. 2011)).

---

[1] "Brady," of course, refers to the seminal Supreme Court case Brady v. Maryland, 373 U.S. 83 (1963), where the Supreme Court held that a prosecutor must disclose evidence favorable to the accused where the evidence is material to either guilt or punishment.

Here, as this Court observed in its JMOP Order (see JMOP Order at 6), the issue of whether a conviction is required to establish prejudice for a Brady-based § 1983 claim is one that the Ninth Circuit has not definitively resolved. See Gutierrez v. Solano, 862 F. Supp. 2d 1037, 1041 (C.D. Cal. 2012) ("This issue has not yet been definitively resolved in the Ninth Circuit."); see also Smith v. Almada, 623 F.3d 1078 (9th Cir. 2010), withdrawn and superseded by 640 F.3d 931, 941–945 (9th Cir. 2011) (Gould, J., concurring) (noting that the majority opinion declined to decide whether "a conviction is a prerequisite to a Brady claim" partly because colleagues "urged that the issue be left open"). Moreover, this Court's JMOP Order reached a contrary conclusion from that of at least six other district court decisions within the Ninth Circuit on the issue that Defendants seek to certify (see Motion at 8 (citing cases)), further establishing that there exists a substantial ground for difference of opinion on the issue. See Couch v. Telescope Inc., 611 F.3d 629, 634 (9th Cir. 2010) ("[I]dentification of a sufficient number of conflicting and contradictory opinions would provide substantial ground for disagreement . . . ." (quotations and citation omitted)). Accordingly, the Court finds that there exists substantial ground for difference on opinion on the issue that Defendants seek to certify.

### C. Advance Termination of the Litigation

Third and last, Defendants have demonstrated that an immediate appeal will materially advance the ultimate termination of the litigation. (See Motion at 9-10.) A Ninth Circuit decision agreeing with Defendants' interpretation of the Brady issue would prove fatal to Mr. Parker's two remaining causes of action: (1) a Brady-related § 1983 claim and (2) a Monell claim premised on the Brady claim. Furthermore, no matter how the Ninth Circuit decides, its decision will establish "clearer precedent" regarding the issue that Defendants seek to certify, which "could reduce or eliminate further litigation of at least that issue." Lee v. Postmates Inc., 2019 WL 1864442, at *4 (N.D. Cal. Apr. 25, 2019). Accordingly, the Court finds that an immediate appeal will materially advance the ultimate termination of the litigation.

### IV. CONCLUSION

For the above reasons, the Court **ORDERS** as follows:

1. Defendants' Motion is **GRANTED**.

2. The JMOP Order is **CERTIFIED** for interlocutory appeal, pursuant to 28 U.S.C. § 1292(b), on the issue of whether a conviction is required to establish prejudice for a Brady-based § 1983 claim.

3. The May 9, 2022 hearing is **VACATED**.

**IT IS SO ORDERED.**