1  **LEWIS BRISBOIS BISGAARD & SMITH LLP**
   TONY M. SAIN, SB# 251626
2    E-Mail: Tony.Sain@lewisbrisbois.com
   ABIGAIL J. R. McLAUGHLIN, SB# 313208
3    E-Mail: Abigail.McLaughlin@lewisbrisbois.com
   633 West 5th Street, Suite 4000
4  Los Angeles, California 90071
   Telephone: 213.250.1800
5  Facsimile: 213.250.7900

6  Attorneys for Defendants,
   COUNTY OF RIVERSIDE, PAUL E.
7  ZELLERBACH, SEAN LAFFERTY,
   TRICIA FRANSDAL and JEFF VAN
8  WAGENEN

9              UNITED STATES DISTRICT COURT

10            CENTRAL DISTRICT OF CALIFORNIA

11

12  ROGER WAYNE PARKER,                Case No. 5:21-cv-01280-JGB-KK
                                       [*Hon. Jesus G. Bernal, Dist. Judge;*
13              Plaintiff,             *Hon. Kenley Kiya Kato, M. Judge*]

14         vs.

15  COUNTY OF RIVERSIDE; PAUL E.       **BRIEF RE DEFENDANTS'**
    ZELLERBACH, individually and in his **RESPONSE TO THE NINTH**
16  official capacity as County of Riverside **CIRCUIT'S DICTA REGARDING A**
    District Attorney; SEAN LAFFERTY,  **POTENTIAL TATUM-LEE DUE**
17  individually and in his official capacity; **PROCESS CLAIM: SUCH IS TIME-**
    and TRICIA FRANSDAL, individually  **BARRED AND UNAVAILABLE**
18  and in her official capacity; JEFF VAN **HERE ON PLAINTIFF'S**
    WAGENEN, individually,             **ADMITTED FACTS**
19
                Defendants.
20                                     Complaint Filed: July 29, 2021
                                       Trial Date:      None Set

21  **TO THE COURT, PLAINTIFF, AND HIS ATTORNEYS OF RECORD:**

22         On August 15, 2023, the United States Court of Appeals for the Ninth Circuit

23  issued its Opinion regarding this matter and the Ninth Circuit's formal mandate issued

24  on September 6, 2023. [Dkt. 63, 65.]

25         Defendants submit this brief to respond to the Ninth Circuit's dicta that Plaintiff

26  ROGER WAYNE PARKER could seek leave to amend his complaint to assert a

27  *Tatum-Lee* claim [Dkt. 63 at pp. 10-11] to provide notice that such a theoretical claim

28  is not actionable here.

129295608.1

DEFTS.' RES. TO NINTH CIRCUIT'S DICTA RE PLTF.'S POTENTIAL TATUM-LEE DUE PROCESS CLAIM

# TABLE OF CONTENTS

**Page**

1.  INTRODUCTION & SUMMARY OF THE ARGUMENT.........................1

2.  RELEVANT FACTUAL & PROCEDURAL HISTORY. ...........................2

3.  LEGAL STANDARD FOR *TATUM-LEE DUE* PROCESS CLAIMS. .........2

    A.  Discussion of *Lee v. City of Los Angeles*...........................................3

    B.  Discussion of *Tatum v. Moody*.......................................................3

    C.  Required Elements of a *Tatum-Lee* Claim. .......................................5

    D.  Applicable Statute of Limitations to *Tatum-Lee* Claims. ...................6

4.  ANY *TATUM-LEE* CLAIM BROUGHT BY PLAINTIFF IS TIME-BARRED. ................................................................................................7

5.  *TATUM-LEE* CLAIMS NARROWLY APPLY TO INVESTIGATING OFFICERS, NOT PROSECUTORS.........................................................9

6.  CONCLUSION................................................................................11

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

# TABLE OF AUTHORITIES

**Page**

**CASES**

*Baday v. Kings Cnty.*, 2022 U.S. Dist. LEXIS 190051 (E.D. Cal. Oct. 18, 2022)......................................................................................................7

*Demarest v. City of Vallejo*, 2017 U.S. Dist. LEXIS 120063 (E.D. Cal. July 2017)......................................................................................................10

*Fatai v. City & Cty. of Honolulu*, 2021 U.S. Dist. LEXIS 130037 (D. Haw. July 13, 2021)..............................................................................................10

*Fox v. Ethicon Endo-Surgery, Inc.*, 35 Cal. 4th 797 (2005)..................................8

*Gardner v. Cal. Highway Patrol*, 2015 U.S. Dist. LEXIS 94242 (E.D. Cal. July 20, 2015)..............................................................................................10

*Heck v. Humphrey*, 512 U.S. 477 (1994).................................................6

*Hernandez v. Kennedy*, 595 F. App'x 673 (9th Cir. 2014)...................................10

*Lee v. City of Los Angeles*, 250 F.3d 668 (9th Cir. 2001).............................. 1, 2, 3

*Maldonado v. Harris*, 370 F.3d 945 (9th Cir. 2003)..........................................6

*McDonough v. Smith*, 139 S. Ct. 2149 (2019)....................................................6

*Morse v. Cnty. of Merced*, 2017 U.S. Dist. LEXIS 1072757 (E.D. Cal. July 11, 2017).............................................................................................10

*Nguyen v. Nissan N. Am., Inc.*, 487 F. Supp. 3d 845 (N.D. Cal. 2020)...................8

*Pasena v. Correa*, 2023 U.S. Dist. LEXIS 27691 (D. Haw. Feb. 17, 2023)...........10

*Poulos v. City of L.A.*, 2022 U.S. Dist. LEXIS 212706 (C.D. Cal. Sep. 30, 2022)......................................................................................................10

*Quarry v. Doe I*, 53 Cal. 4th 945 (2012)............................................................8

*Quintanar v. Cnty. of Stanislaus*, 2022 U.S. Dist. LEXIS 166101 (E.D. Cal. Sep. 13, 2022)..........................................................................................10

*R.K. Ventures, Inc. v. City of Seattle*, 307 F.3d 1045 (9th Cir. 2002).....................6

*Tatum v. Moody*, 768 F.3d 806 (9th Cir. 2014) ......................................... passim

*Tavakoli v. City of L.A.*, 2019 U.S. Dist. LEXIS 47331  (C.D. Cal. Mar. 18, 2019)......................................................................................................10

*Tekelu v. Yuma, City of*, 2019 U.S. Dist. LEXIS 78638 (D. Ariz. May 7, 2019).....10

DEFTS.' RES. TO NINTH CIRCUIT'S DICTA RE PLTF.'S POTENTIAL TATUM-LEE DUE PROCESS CLAIM

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1   *Tillman v. L.A. Ctv. Dist. Attorney's Office*, 2022 U.S. Dist. LEXIS 242103
      (C.D. Cal. Sep. 21, 2022)................................................................6

2

*Wallace v. Kato*, 549 U.S. 384 (2007).................................................................6

3

*Wilson v. Garcia*, 471 U.S. 261 (1985)..............................................................6
4

5

**STATUTES**

6

Cal. Code Civ. Proc. § 335.1.............................................................................6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

129295608.1                       iii

DEFTS.' RES. TO NINTH CIRCUIT'S DICTA RE PLTF.'S POTENTIAL TATUM-LEE DUE PROCESS CLAIM

**MEMORANDUM OF POINTS & AUTHORITIES**

**1.    INTRODUCTION & SUMMARY OF THE ARGUMENT.**

When the Ninth Circuit issued its opinion stating that Plaintiff could not bring a *Brady*-related due process claim (reversing the District Court's denial of Defendants' motion for judgment on the pleading on that claim and its associated *Monell* claim), in dicta, the Ninth Circuit stated that Plaintiff could potentially bring another Fourteenth Amendment due process claim pursuant to the Ninth Circuit's prior decisions in *Lee v. City of Los Angeles*, 250 F.3d 668 (9th Cir. 2001), and *Tatum v. Moody*, 768 F.3d 806 (9th Cir. 2014) (a *Tatum-Lee* claim). Specifically, in order to bring a *Tatum-Lee* claim, Plaintiff must prove that he suffered a detention: (1) of unusual length; (2) caused by the investigating officers' failure to disclose highly significant exculpatory evidence <u>to prosecutors</u>; and (3) as a result of conduct that is culpable, namely that the officers understood the risks to the plaintiff's rights from withholding the information or were completely indifferent to those risks, and withheld such from the <u>prosecutors</u> anyway. Additionally, the statute of limitations for a *Tatum-Lee* claim is two-years and accrues when a plaintiff's underlying criminal charges are resolved in their favor.

Here, because Plaintiff's criminal charges were dismissed on March 6, 2014, his last day to file a complaint alleging a *Tatum-Lee* claim was March 6, 2016 – over five years <u>prior</u> to his filing his original Complaint in this matter. Thus, any *Tatum-Lee* claim by Plaintiff, like his malicious prosecution claim, would be time-barred.

Moreover, even if Plaintiff's *Tatum-Lee* claim was timely, Plaintiff cannot bring such claim against Defendants in this matter because <u>Defendants were not investigating officers</u>, but acting as prosecutors in regards to the underlying criminal matter. Thus, Plaintiff cannot allege a required element of a *Tatum-Lee* claim – a detention caused by the investigating officers' failure to disclose exculpatory evidence to prosecutors – and, thus, any such claim would fail as a matter of law.

DEFTS.' RES. TO NINTH CIRCUIT'S DICTA RE PLTF.'S POTENTIAL TATUM-LEE DUE PROCESS CLAIM

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1    Accordingly, should Plaintiff bring such a non-actionable claim here,

2    Defendants would be forced to oppose any attempt by Plaintiff to file an amended

3    complaint alleging a *Tatum-Lee* claim in this matter.

4    **2.    RELEVANT FACTUAL & PROCEDURAL HISTORY.**

5    On August 15, 2023, the United States Court of Appeals for the Ninth Circuit

6    issued its Opinion regarding Defendants' appeal of the denial of Defendants' Motion

7    to Dismiss  regarding Plaintiff's *Brady*-related § 1983 due process claim.  [*See*

8    *generally* Dkt. 63.]  As this Court knows, Plaintiff's *Brady*-related due process claim

9    was premised on the fact that Defendants purportedly withheld exculpatory evidence

10   for approximately six months prior to dismissing Plaintiff's criminal case and charges.

11   [Dkt. 1 at 7:1-16, 14:1-15:3.]  The Ninth Circuit reversed and remanded on the basis

12   that, "[b]ecause there was no judicial proceeding, Parker cannot show that he was

13   prejudiced by any failure to disclose *Brady* evidence."  [*Id.* at p. 11.]

14   In dicta, the Ninth Circuit also stated that, on remand Parker could seek leave

15   to amend his complaint to assert a claim based on the case law in *Tatum v. Moody*,

16   768 F.3d 806, 816 (9th Cir. 2014), and *Lee v. City of Los Angeles*, 250 F.3d 668, 683

17   (9th Cir. 2001). [Dkt. 1 at pp. 11-12.]  However, the Court noted that Plaintiff did not

18   allege this *Tatum-Lee* due process claim in his Complaint; rather, for the first time at

19   argument on Defendants' appeal, Plaintiff only suggested that his Complaint stated a

20   general due process claim. [*Id.* at p. 11, fn.3.]  Further, the Ninth Circuit clarified that

21   it was not asked to address the merits of a *Tatum-Lee* claim in Defendants' appeal.

22   [*Id.* at p. 11.]

23   **3.    LEGAL STANDARD FOR *TATUM-LEE DUE* PROCESS CLAIMS.**

24   The Ninth Circuit has held that a defendant can state a due process claim arising

25   out of "continued detention after it was or should have been known that [he] was

26   entitled to release." *Tatum*, 768 F.3d at 816 (quoting *Lee*, 250 F.3d at 683.  In the

27   instant matter, the Ninth Circuit referred to such cause of action as a *Tatum-Lee* claim.

28   ///

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

129295608.1                                                    2

**A.      Discussion of _Lee v. City of Los Angeles._**

In _Lee_, Kerry Sanders was a mentally disabled Los Angeles resident who was incorrectly identified as the fugitive Roger Sanders, a convicted embezzler who absconded from a New York state-prison work-release program. _Lee_, 250 F.3d at 676. As a result, Kerry Sanders was extradited from California to New York and incarcerated in a New York state prison for approximately two years, when officials learned that the real Robert Sanders had been arrested. _Id._ Prior to that arrest, at no point was Kerry Sanders' identification verified, through use of fingerprints or otherwise. _Id._ at 677. Plaintiff Mary Sanders Lee, acting in her individual capacity and as the Conservator for the Person and Estate of her son Kerry Sanders, sued the City of Los Angeles and various individual Los Angeles Police Department officers, among others, regarding his wrongful incarceration. _Id._ at 678. Defendants brought a Motion to Dismiss regarding plaintiff's claims, including plaintiff's Fourteenth Amendment Due Process cause of action.

The Ninth Circuit held that plaintiff sufficiently alleged a violation of Kerry Sanders' due process rights under the Fourteenth Amendment, finding that, "the loss of liberty caused by an individual's mistaken incarceration after the lapse of a certain amount of time gives rise to a claim under the Due Process Clause of the Fourteenth Amendment." _Id._ at 683; _see also id._ at 684 ("[T]he mistaken incarceration of an individual in other circumstances may violate his or her right to due process 'after the lapse of a certain amount of time,' 'depending on what procedures the State affords defendant[] following arrest and prior to trial.'") (quoting _Baker v. McCollan_, 443 U.S. 137, 14-45 (1979)).

**B.      Discussion of _Tatum v. Moody._**

More than a decade after _Lee_, the Ninth Circuit expounded on this due process violation in _Tatum_. In _Tatum_, a jury found that two Los Angeles Police Department ("LAPD") detectives were "liable under 42 U.S.C. § 1983 for violating Michael Walker's constitutional rights by (1) acting with deliberate indifference to, or reckless

DEFTS.' RES. TO NINTH CIRCUIT'S DICTA RE PLTF.'S POTENTIAL TATUM-LEE DUE PROCESS CLAIM

1   disregard for, Walker's rights or for the truth, in (2) withholding or concealing

2   evidence that (3) strongly indicated Walker's innocence of the crimes for which he

3   was held, and was reasonably likely to have resulted in dismissal of the charges

4   against him if revealed." *Tatum*, 768 F.3d at 808-09.  Notably, the charges against

5   Walker were dismissed when his defense counsel obtained the exculpatory material

6   and the prosecutor was made aware of the evidence: after Walker had been in pretrial

7   incarceration for over two years.  *Id.* at 809.  The Ninth Circuit affirmed the jury's

8   finding that the detectives "failed to disclose this compelling exculpatory evidence to

9   the prosecutor, and did so with deliberate indifference to, or reckless regard for, the

10  truth or for Walker's rights."  *Id.*

11      In Walker's underlying criminal matter, Walker had two preliminary hearings

12  – at the initial preliminary hearing, one of the detectives testified against Walker,

13  despite knowing of the existence exculpatory evidence, which the detective had failed

14  to disclose to the *prosecutor* on the matter.  *Id.* at 812.  Thereafter, Walker's defense

15  counsel learned of the exculpatory evidence and notified the prosecutor, who

16  dismissed Walker's case the same day, after Walker had been in jail for 27 months.

17  *Id.* at 813 (also noting that the court granted Walker's motion for finding of factual

18  innocence thereafter).  Based on these facts, the jury answered affirmatively when

19  asked whether the detectives "violated plaintiff Michael Walker's constitutional rights

20  by withholding or concealing evidence that tended to show that plaintiff was innocent

21  of the criminal charges against him."  *Id.* at 814.  The detectives appealed, claiming

22  "that the Constitution [did] not confer on Walker the right the jury found them to have

23  violated."  *Id.* at 814-15.

24      The Ninth Circuit held "that the Constitution does protect Walker from

25  prolonged detention when the police, with deliberate indifference to, or in the face of

26  a perceived risk that, their actions will violate the plaintiff's right to be free of

27  unjustified pretrial detention, withhold from the prosecutors information strongly

28  indicative of his innocence[.]"  *Id.*  "Where, as here, investigating officers, acting with

129295608.1

4

DEFTS.' RES. TO NINTH CIRCUIT'S DICTA RE PLTF.'S POTENTIAL TATUM-LEE DUE PROCESS CLAIM

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1  deliberate indifference or reckless disregard for a suspect's right to freedom from

2  unjustified loss of liberty, fail to disclose potentially dispositive exculpatory evidence

3  to the prosecutors, leading to the lengthy detention of an innocent man, they violate

4  the due process guarantees of the Fourteenth Amendment." *Id.* at 816.

5        Expounding on *Lee*, the *Tatum* Court determined that "claims of such a [due

6  process] violation fall into at least one of two categories: (1) the circumstances

7  indicated to the defendants that further investigation was warranted, or (2) the

8  defendants denied the plaintiff access to the courts for an extended period of time."

9  *Id.* (cleaned up).  However, the Ninth Circuit "emphasize[d] the narrowness of the

10 constitutional rule . . . enforce[d] today, which is restricted to detentions of (1) unusual

11 length, (2) caused by the investigating officers' failure to disclose highly significant

12 exculpatory evidence to prosecutors, and (3) due to conduct that is culpable in that

13 the officers understood the risks to the plaintiff's rights from withholding the

14 information or were completely indifferent to those risks." *Id.* at 819.

15       On this basis, the Ninth Circuit found that Walker's detention for 27 months

16 after a preliminary hearing was "sufficiently lengthy to trigger the narrow due process

17 right at issue here." *Id.* at 820.  Additionally, the evidence withheld by the detectives

18 was material and strongly indicative of the plaintiff's innocence, which also triggered

19 Walker's due process claim. *Id.*  Finally, the jury's determination that the detectives

20 "acted with deliberate indifference or reckless disregard for Walker's rights thus

21 satisfies the standard applicable to violations of due process." *Id.* at 821.

22       **C.**    **Required Elements of a _Tatum-Lee_ Claim.**

23       Thus, for Plaintiff to bring a *Tatum-Lee* due process claim, Plaintiff must prove

24 that he endured a detention: (1) of unusual length; (2) caused by the investigating

25 officers' failure to disclose highly significant exculpatory evidence to *prosecutors*;

26 and (3) due to conduct that is culpable, in that the *officers* understood the risks to the

27 plaintiff's rights from withholding the information or were completely indifferent to

28 those risks, and withheld the exculpatory evidence anyway. *Tatum*, 768 F.3d at 819.

129295608.1                                          5

DEFTS.' RES. TO NINTH CIRCUIT'S DICTA RE PLTF.'S POTENTIAL TATUM-LEE DUE PROCESS CLAIM

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

**D.      Applicable Statute of Limitations to *Tatum-Lee* Claims.**

In actions brought pursuant to 42 U.S.C. § 1983, federal courts apply the forum state's statute of limitations for personal injury actions. *Wilson v. Garcia*, 471 U.S. 261, 276 (1985).  The California statute of limitations for personal injury actions is two years.  *Id.*; Cal. Code Civ. Proc. § 335.1.  Under federal law, a § 1983 claim accrues and the statute of limitations commences to run when the plaintiff knows or has reason to know of the injury that is the basis of the action. *Maldonado v. Harris*, 370 F.3d 945, 955 (9th Cir. 2003); *R.K. Ventures, Inc. v. City of Seattle*, 307 F.3d 1045, 1058 (9th Cir. 2002).  In other words, "the statute of limitations commences to run[] when the wrongful act or omission results in damages.  The cause of action accrues even though the full extent of the injury is not known or predictable." *Wallace v. Kato*, 549 U.S. 384, 390-91, 397 (2007) (cleaned up) (holding that the statute of limitations on a petitioner's claim for false imprisonment began to run when legal process was initiated against him, not when the state dropped charges against petitioner and he was released from custody); *see Tillman v. L.A. Cty. Dist. Attorney's Office*, 2022 U.S. Dist. LEXIS 242103, at *6-7 (C.D. Cal. Sep. 21, 2022) (finding that plaintiff's claims were time-barred where factual allegations in a more recent time period were "further actions taken by Plaintiffs to investigate Defendants' conduct, while the actual underlying conduct that had allegedly damaged Plaintiffs had already occurred").

The Supreme Court has held that due process violations based on failure to disclose exculpatory evidence are analogous to the common law tort of malicious prosecution when analyzing the applicable statute of limitations.  *See Heck v. Humphrey*, 512 U.S. 477, 484, 489 (1994); *see also McDonough v. Smith*, 139 S. Ct. 2149, 2154-2155 (2019) (addressing a fabricated-evidence claim).  "Claims analogous to the common law tort of malicious prosecution that challenge the integrity of a conviction do not accrue until criminal proceedings against the plaintiff

1  have terminated in [his] favor." *Baday v. Kings Cnty.*, 2022 U.S. Dist. LEXIS

2  190051, at *22 (E.D. Cal. Oct. 18, 2022) (citing *McDonough*, 139 S. Ct. at 2154-55).

3       Thus, the statute of limitations for *Tatum-Lee* claims is two years from the date

4  that criminal proceedings against the plaintiff were terminated in plaintiff's favor. *Id.*

5  **4.    ANY *TATUM-LEE* CLAIM BROUGHT BY PLAINTIFF IS TIME-**

6  **BARRED.**

7       As discussed above, due process violations, including *Tatum-Lee* claims, have

8  a 2-year statute of limitations that begins to accrue when criminal proceedings against

9  a plaintiff are terminated in plaintiff's favor.  Plaintiff's criminal case and charges

10 against him were dismissed on March 6, 2014.  [Dkt. 1 at 7:12-15.]  Thus, the last

11 date for Plaintiff to file a Complaint alleging a *Tatum-Lee* claim was on March 6,

12 2016 and Plaintiff did not do so until July 29, 2021, *five years late.*

13      This Court already properly determined that Plaintiff's analogous malicious

14 prosecution claim was time-barred and dismissed such cause of action accordingly,

15 despite Plaintiff's allegations that the delayed discovery rule applied to such claim

16 and the two-year statute of limitations was tolled until Plaintiff became aware of a

17 third-party's confession to the murder with which Plaintiff was charged.  [Dkt. 44 at

18 p. 4.]

19          Here, the Court finds that the delayed discovery rule does
            not apply to Mr. Parker's malicious prosecution claim. Mr.
20          Parker's only claimed basis for applying the delayed
            discovery rules is that he was unaware until October 2020
21          that there was evidence – Womack's recorded confession to
            the murder – proving that Mr. Parker did not commit the
22          murder for which he was arrested.  However, Mr. Parker
            also alleges that he was not home when the murder occurred
23          on March 18, 2010; that he was pressured to falsely confess
            to the murder that same day; and that his criminal case was
24          dismissed due to insufficiency of the evidence. Thus, at the
            time that his criminal case was dismissed, that he "had an
25          injury that was cause[d] by the Defendants' wrongful
            conduct," precluding application of the delayed discovery
26          rule.

27 [*Id.* at p. 5 (citing *Clarke v. Upton*, 703 F.Supp.2d 1037, 1046 (E.D. Cal. 2010);

28 *Cherry v. Tyler*, 2019 WL 1060045, at *13 (E.D. Cal. Mar. 6, 2019)) (cleaned up).]

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1   "Although Plaintiff alleges that Defendants fraudulently concealed Womack's

2   confession, Mr. Parker's discovery of Womack's confession went only to the <u>strength</u>

3   of Mr. Parker's claim – not to whether he had inquiry notice of it." [*Id.* at pp. 5-6.]

4        During the appeal regarding this matter, Plaintiff attempted to state that his

5   malicious prosecution claim would no longer be time-barred if solely based on his

6   discovery of the alleged suppression of exculpatory evidence in October 2020.

7   However, that is not the standard under the delayed discovery rule.  Rather, to invoke

8   the delayed discovery rule, a "plaintiff whose complaint shows on its face that his

9   claim would be barred without the benefit of the discovery rule must specifically plead

10  facts to show (1) the time and manner of discovery and (2) the inability to have made

11  earlier discovery despite reasonable diligence." *Nguyen v. Nissan N. Am., Inc.*, 487

12  F. Supp. 3d 845, 856 (N.D. Cal. 2020) (citing *E-Fab Inc. v. Accts., Inc. Servs.*, 153

13  Cal. App. 4th 1308, 1319 (2007)); *Fox v. Ethicon Endo-Surgery, Inc.*, 35 Cal. 4th 797,

14  808 (2005).   The plaintiff bears the burden to "show diligence" and "conclusory

15  allegations" will not withstand dismissal.  *Fox*, 35 Cal. 4th at 808.  A plaintiff has

16  reason to discover the claim when he "has reason at least to suspect a factual basis for

17  its elements." *Quarry v. Doe I*, 53 Cal. 4th 945, 960 (2012) (cleaned up). "[S]uspicion

18  of one or more of the elements of a cause of action, coupled with knowledge of any

19  remaining elements, will generally trigger the applicable limitations period." *Id.*

20  (cleaned up).  Moreover, plaintiffs are required to conduct a reasonable investigation

21  after becoming aware of an injury, and are charged with knowledge of the information

22  that would have been revealed by such an investigation." *Fox*, 35 Cal. 4th 808.

23        While the purported suppression of exculpatory evidence, if true, could go to

24  the strength of Plaintiff's potential *Tatum-Lee* due process claim, the timing of the

25  alleged suppression does not change the fact that **Plaintiff admits that he had**

26  **inquiry notice of a potential civil rights claim when the charges against him were**

27  **dismissed on March 6, 2014 – <u>more than 7 years prior to the filing of his lawsuit</u>**.

28  Also, at this point in time, Plaintiff has failed to allege any facts to explain why he

DEFTS.' RES. TO NINTH CIRCUIT'S DICTA RE PLTF.'S POTENTIAL TATUM-LEE DUE PROCESS CLAIM

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1  was not on inquiry notice at the time his criminal case was dismissed, or why he

2  otherwise could not have discovered his injuries through reasonable diligence at that

3  time: presumably because none can be alleged consistent with the Rule 11 evidentiary

4  burden.  *See* Fed. R. Civ. P. 11.

5  　　　Thus, because the delayed discovery rule does not apply, <u>Plaintiff's *Tatum-Lee*

6  <u>due process claim remains time-barred: as his last day to file a lawsuit regarding the</u>

7  <u>same was March 6, 2016 and he filed his lawsuit on July 29, 2021</u>.

8  **5.　　*TATUM-LEE* CLAIMS NARROWLY APPLY TO INVESTIGATING**

9  　　　　**OFFICERS, NOT PROSECUTORS.**

10  　　　Even if Plaintiff's potential *Tatum-Lee* claim was not time-barred (which it is),

11  Plaintiff still cannot bring such a claim because it would fail as a matter of law.  In

12  emphasizing the narrowness of their holding in *Tatum*, the Ninth Circuit specified that

13  the plaintiff's detention must be caused by the <u>investigating officers'</u> failure to

14  disclose exculpatory evidence to prosecutors.  *Tatum*, 768 F.3d at 819-820 ("We

15  emphasize the narrowness of the constitutional rule we enforce today, which is

16  restricted to detentions of (1) unusual length, (2) caused by the investigating officers'

17  failure to disclose highly significant exculpatory evidence to prosecutors, (3) due to

18  conduct that is culpable in that the officers understood the risks to the plaintiff's rights

19  from withholding the information or were completely indifferent to those risks.") Due

20  to the *Tatum* Court's explicit narrowing of a Fourteenth Amendment due process

21  claim based on prolonged detention in the face of exculpatory evidence to matters

22  where the investigating officer, *i.e.*, the police officer or detective involved, did not

23  disclose information to the prosecutor, it appears that **such cause of action cannot**

24  **be brought against the prosecutor themselves**.

25  　　　First, in Plaintiff's Complaint, Plaintiff alleges that it was former district

26  attorney Christopher Ross who discovered the purportedly exculpatory confession:

27  there is no allegation regarding investigating officers failing in their duty to provide

28  exculpatory evidence to prosecutors because no such failure occurred.  [Dkt. 1 at 7:1-

LEWIS BRISBOIS BISGAARD & SMITH LLP
ATTORNEYS AT LAW

129295608.1　　　　9

DEFTS.' RES. TO NINTH CIRCUIT'S DICTA RE PLTF.'S POTENTIAL TATUM-LEE DUE PROCESS CLAIM

8.]  As a result, by Plaintiff's own Complaint admissions, Plaintiff cannot satisfy the first threshold element of a *Tatum-Lee* claim: namely, failure to timely disclose by the investigators.   Thus, Plaintiff cannot assert a *Tatum-Lee* claim in this case against Defendants,   because such were all members of the Riverside County District Attorney's Office and acting in the underlying criminal matter as prosecutors and/or supervisors – as Plaintiff's Complaint concedes.  [*See* Dkt. 1, § IV, 11:6-25.]

In a related vein, in *Demarest v. City of Vallejo*, 2017 U.S. Dist. LEXIS 120063 (E.D. Cal. July 2017), the Court found that, where a plaintiff alleged that "evidence was withheld only from plaintiff's *criminal defense counsel*, <u>not</u> the prosecutor," such allegations did not state a cognizable claim under *Tatum* because the evidence being withheld form the prosecutor is a <u>necessary</u> element of such claim.  *Id.* at \*11-12 (also specifying that "A Fourteenth Amendment due process claim under § 1983 may be premised on a *police officer*'s willful failure to disclose exculpatory evidence. . . .") (emphasis added).   Moreover, in analyzing Ninth Circuit cases where *Tatum-Lee* claims were at issue, such claims have only been brought against investigating police officers and <u>not</u> the prosecutors involved in the criminal matters underlying such claims.  *See, e.g.*, *Hernandez v. Kennedy*, 595 F. App'x 673, 675 (9th Cir. 2014); *Poulos v. City of L.A.*, 2022 U.S. Dist. LEXIS 212706, at \*27 (C.D. Cal. Sep. 30, 2022); *Tavakoli v. City of L.A.*, 2019 U.S. Dist. LEXIS 47331, at \*21-23 (C.D. Cal. Mar. 18, 2019); *Quintanar v. Cnty. of Stanislaus*, 2022 U.S. Dist. LEXIS 166101, at \*26-27 (E.D. Cal. Sep. 13, 2022); *Gardner v. Cal. Highway Patrol*, 2015 U.S. Dist. LEXIS 94242, at \*19-31 (E.D. Cal. July 20, 2015); *Morse v. Cnty. of Merced*, 2017 U.S. Dist. LEXIS 1072757, at \*38-40 (E.D. Cal. July 11, 2017); *Pasena v. Correa*, 2023 U.S. Dist. LEXIS 27691, at \*46-47 (D. Haw. Feb. 17, 2023); *Fatai v. City & Cty. of Honolulu*, 2021 U.S. Dist. LEXIS 130037, at \*22 n.11 (D. Haw. July 13, 2021); *Tekelu v. Yuma, City of*, 2019 U.S. Dist. LEXIS 78638, at \*21-22 (D. Ariz. May 7, 2019).

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

129295608.1                                    10
DEFTS.' RES. TO NINTH CIRCUIT'S DICTA RE PLTF.'S POTENTIAL TATUM-LEE DUE PROCESS CLAIM

1    Thus, here, because Plaintiff's claim fails to fulfill the second element of such

2  due process claim – a detention caused by the investigating officers' failure to disclose

3  highly significant exculpatory evidence to prosecutors – any allegation of a *Tatum-*

4  *Lee* claim by Plaintiff would fail.

5  **6.    CONCLUSION.**

6    While the Ninth Circuit may have included dicta regarding Plaintiff's ability to

7  file an amended complaint in order to allege a *Tatum-Lee* claim, the Ninth Circuit did

8  not analyze the merits of such *Tatum-Lee* claim.  For the foregoing reasons, Plaintiff

9  may not bring a viable *Tatum-Lee* claim in this matter because it is time-barred <u>and</u>

10  fails as a matter of law and, thus, Defendants would be forced to oppose any Motion

11  for Leave to File Amended Complaint filed by Plaintiff in this matter, should Plaintiff

12  seek to file such.

13

14  DATED:  September 18, 2023      LEWIS BRISBOIS BISGAARD & SMITH LLP

15

16

17              By:      */s/ Abigail J.R. McLaughlin*

                       TONY M. SAIN
18                     ABIGAIL J. R. McLAUGHLIN
                  Attorneys for Defendants,
19                COUNTY OF RIVERSIDE, PAUL E.
                  ZELLERBACH, SEAN LAFFERTY,
20                TRICIA FRANSDAL and JEFF VAN
                  WAGENEN
21

22

23

24

25

26

27

28

DEFTS.' RES. TO NINTH CIRCUIT'S DICTA RE PLTF.'S POTENTIAL TATUM-LEE DUE PROCESS CLAIM

1

2

**FEDERAL COURT PROOF OF SERVICE**
Roger Wayne Parker v. County of Riverside, et al
Case No. 5:21-cv-01280-JGB-KK

3

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

4

5

At the time of service, I was over 18 years of age and not a party to the action. My business address is 633 West 5th Street, Suite 4000, Los Angeles, CA 90071.  I am employed in the office of a member of the bar of this Court at whose direction the service was made.

6

7

8

On September 18, 2023, I served the following document(s):  BRIEF RE DEFENDANTS' RESPONSE TO THE NINTH CIRCUIT'S DICTA REGARDING A POTENTIAL TATUM-LEE DUE PROCESS CLAIM: SUCH IS TIME-BARRED AND UNAVAILABLE HERE ON PLAINTIFF'S ADMITTED FACTS

9

10

I served the documents on the following persons at the following addresses (including fax numbers and e-mail addresses, if applicable):

11

**SEE ATTACHED SERVICE LIST**

12

The documents were served by the following means:

13

☒   (BY COURT'S CM/ECF SYSTEM) Pursuant to Local Rule, I electronically filed the documents with the Clerk of the Court using the CM/ECF system, which sent notification of that filing to the persons listed above.

14

15

I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

16

Executed on September 18, 2023, at Los Angeles, California.

17

18

/s/ Abigail J. R. McLaughlin
Abigail J. R. McLaughlin

19

20

21

22

23

24

25

26

27

28

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

129295608.1

1

DEFTS.' RES. TO NINTH CIRCUIT'S DICTA RE PLTF.'S POTENTIAL TATUM-LEE DUE PROCESS CLAIM

**SERVICE LIST**
**Roger Wayne Parker v. County of Riverside, et al**
**Case No. 5:21-cv-01280-JGB-KK**

| | |
|---|---|
| Gerald B. Singleton<br>John Lemon<br>Kimberly Trimble<br>SINGLETON SCHREIBER LLP<br>450 A Street, 5th Floor<br>San Diego, California 92101 | Attorneys for Plaintiff, ROGER WAYNE PARKER<br><br>Tel: (619) 771-3473<br>Fax: (619) 255-1515<br>gsingleton@singletonschreiber.com<br>jlemon@singletonschreiber.com<br>ktrimble@singletonschreiber.com |
| Wilbur O. Colom, MS SBN 6403 *(Pro Hac Vice Pending)*<br>COLOM AND BRANT LLC<br>SPECIAL COUNSEL TO THE PRESIDENT OF THE NAACP<br>P. O. Box 866<br>Columbus, MS 397703 | Telephone: (662) 327-0903<br>Facsimile: (662) 329-4832<br>wil@colom.com |

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

129295608.1

2

DEFTS.' RES. TO NINTH CIRCUIT'S DICTA RE PLTF.'S POTENTIAL TATUM-LEE DUE PROCESS CLAIM