JS-5

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **EDCV 21-1280 JGB (KKx)** | Date | September 19, 2023 |
|---|---|---|---|
| Title | *Roger Wayne Parker v. County of Riverside, et al.* | | |

Present: The Honorable    JESUS G. BERNAL, UNITED STATES DISTRICT JUDGE

| MAYNOR GALVEZ | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

Attorney(s) Present for Plaintiff(s):      Attorney(s) Present for Defendant(s):

None Present                                              None Present

**Proceedings:    Minute Order REOPENING Case and GRANTING Leave to Amend (IN CHAMBERS)**

On July 29, 2021, Plaintiff Roger Wayne Parker ("Plaintiff") filed a complaint against Defendants County of Riverside, Paul E. Zellerbach, Sean Lafferty, Tricia Fransdal, and Jeff Van Wagenen (collectively, "Defendants"). ("Complaint," Dkt. No. 1.) The Complaint alleges four causes of action: (1) malicious prosecution under 42 U.S.C. § 1983 ("Section 1983"); (2) violation of the Fifth Amendment right to due process and withholding of exculpatory evidence under Section 1983; (3) unconstitutional custom, practice, or policy under Section 1983; and (4) declaratory and injunctive relief. (See id.)

On January 19, 2022, Defendants filed a motion for judgment on the pleadings. ("Motion for Judgment on the Pleadings," Dkt. No. 33.) On February 23, 2022, the Court granted-in-part and denied-in-part the Motion for Judgment on the Pleadings. ("Judgment on the Pleadings Order," Dkt. No. 44.) The Court dismissed Plaintiff's claims for malicious prosecution and declaratory and injunctive relief. (See id.)[1] Plaintiff's Brady and Monell claims survived. (Id.)

---

[1] In the Judgment on the Pleadings Order, the Court dismissed Plaintiff's malicious prosecution claim "without leave to amend," but also stated that "Mr. Parker's claim may be amended." (Compare Judgment on the Pleadings Order at 6 with id. at 7.) The Court clarifies that Plaintiff's malicious prosecution claim was dismissed ***with*** leave to amend, in accordance with Federal Rule of Civil Procedure 15. Fed. R. Civ. P. 15(a).

On March 28, 2022, Defendants filed a motion to certify the Court's Judgment on the Pleadings Order for interlocutory appeal. ("Motion for Interlocutory Appeal," Dkt. No. 47.) On May 5, 2022, the Court granted the Motion for Interlocutory Appeal. (See Dkt. No. 55.) The Ninth Circuit also granted Defendants' petition for permission to appeal. (See Dkt. No. 56.) On June 30, 2022, Defendants appealed the Court's Judgment on the Pleadings Order to the Ninth Circuit. (See Dkt. No. 58.)

On August 15, 2023, the Ninth Circuit reversed the Court's denial of Defendants' Motion for Judgment on the Pleadings as to the Brady claim and remanded the case. ("Ninth Circuit Order," Dkt. No. 63.) The Ninth Circuit held that Plaintiff cannot state a Brady claim because he does not allege that Defendants' nondisclosure would have changed the result of any proceeding in his criminal case. (Id. at 10.) The Ninth Circuit reasoned that "[a] Brady violation requires that the withheld evidence have a reasonable probability of affecting a judicial proceeding, and no such proceeding was affected here." (Id. at 4.) However, the Ninth Circuit explicitly stated that on remand, Plaintiff can seek leave to amend his complaint to assert a different due process claim (i.e., a Tatum–Lee claim). (Id. at 11.) In Tatum v. Moody, the Ninth Circuit held that a defendant can state a due process claim arising out of "continued detention after it was or should have been known that [he] was entitled to release." 768 F.3d 806, 816 (9th Cir. 2014) (quoting Lee v. City of Los Angeles, 250 F.3d 668, 683 (9th Cir. 2001)). On September 6, 2023, the official mandate of the Ninth Circuit issued. (Dkt. No. 65.)

On September 6, 2023, Defendants lodged an amended proposed order for judgment on the pleadings. ("Amended Proposed Order," Dkt. No. 64.) Plaintiff opposed the Amended Proposed Order, arguing that "it would be premature for this Court to grant judgment on the pleadings to Defendants without allowing Plaintiff the opportunity to seek to amend his complaint." ("Plaintiff's Response," Dkt. No. 66.) On September 18, 2023, Defendants responded to Plaintiff's Response. (Dkt. No. 67.)

The Court agrees with Plaintiff. Pursuant to the Ninth Circuit Order, the Court **REOPENS** the case and **GRANTS** Plaintiff leave to amend his Complaint. Specifically, Plaintiff may amend his Complaint as to the previously dismissed malicious prosecution claim, the Monell claim, a Tatum–Lee claim, and any other potential claim. Plaintiff shall file his amended complaint no later than **September 29, 2023**.

**IT IS SO ORDERED.**