**LEWIS BRISBOIS BISGAARD & SMITH LLP**
TONY M. SAIN, SB# 251626
  E-Mail: Tony.Sain@lewisbrisbois.com
ABIGAIL J. R. McLAUGHLIN, SB# 313208
  E-Mail: Abigail.McLaughlin@lewisbrisbois.com
633 West 5th Street, Suite 4000
Los Angeles, California 90071
Telephone: 213.250.1800
Facsimile: 213.250.7900

Attorneys for Defendants,
COUNTY OF RIVERSIDE, PAUL E.
ZELLERBACH, SEAN LAFFERTY,
TRICIA FRANSDAL and JEFF VAN
WAGENEN

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| ROGER WAYNE PARKER,<br><br>Plaintiff,<br><br>vs.<br><br>COUNTY OF RIVERSIDE; PAUL E. ZELLERBACH, individually and in his official capacity as County of Riverside District Attorney; SEAN LAFFERTY, individually and in his official capacity; and TRICIA FRANSDAL, individually and in her official capacity; JEFF VAN WAGENEN, individually,<br><br>Defendants. | Case No. 5:21-cv-01280-JGB-KK<br>[*Hon. Jesus G. Bernal, Dist. Judge*;<br>*Hon. Kenley Kiya Kato, M. Judge*]<br><br>**DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6)**<br><br>*Filed Concurrently with Request for Judicial Notice; [Proposed] Order*<br><br>Date:    November 20, 2023<br>Time:    9:00 a.m.<br>Crtrm.:  1 [Riverside]<br><br>Trial Date:      None Set |

**TO PLAINTIFF AND HIS ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that on Monday, November 20, 2023, at 9:00 a.m., or as soon thereafter as the matter may be hard in Courtroom 1 of the above-captioned Court, located at 3470 Twelfth Street, Riverside, California 92501, Defendants COUNTY OF RIVERSIDE, PAUL E. ZELLERBACH, SEAN LAFFERTY, TRICIA FRANSDAL, and JEFF VAN WAGENEN (collectively "Defendants")  will move this

Court for an order dismissing Plaintiff's First Amended Complaint, filed on September 29, 2023 [Dkt. 69], pursuant to Fed. R. Civ. P. 12(b)(6) for the following reasons:

1.     Plaintiff's first cause of action for malicious prosecution, pursuant to 42 U.S.C. § 1983, fails to state a valid/timely claim upon which relief can be granted against Defendants PAUL E. ZELLERBACH, SEAN LAFFERTY, TRICIA FRANSDAL, and JEFF VAN WAGENEN and the Court already dismissed such cause of action for being time barred, which cannot be cured;

2.     Plaintiff's second cause of action for a *Tatum-Lee* claim, pursuant to 42 U.S.C. § 1983, fails to state a valid/timely claim upon which relief can be granted against Defendants PAUL E. ZELLERBACH, SEAN LAFFERTY, TRICIA FRANSDAL, and JEFF VAN WAGENEN;

3.     Plaintiff's third cause of action for a *Monell* claim based on malicious prosecution, pursuant to 42 U.S.C. § 1983, fails to state a valid claim upon which relief can be granted against Defendant COUNTY OF RIVERSIDE;

4.     Plaintiff's fourth cause of action for a *Monell* claim based on *Tatum-Lee* violations, pursuant to 42 U.S.C. § 1983, fails to state a valid claim upon which relief can be granted against Defendant COUNTY OF RIVERSIDE; and

5.     Plaintiff's fifth cause of action for declaratory relief fails to state a claim upon which relief can be granted, which the Court already dismissed with prejudice.

The grounds for the motion are as follows: (1) Plaintiff states claims which factual allegations are insufficient to maintain such claims; and (2) Plaintiff brings claims that are time-barred under the applicable statute of limitations.

This motion is based on this notice of motion, the attached memorandum of points and authorities, the pleadings and records on file in this action, and upon such additional documents, evidence, and argument as may be properly before this Court at the time of the hearing on this motion.

///

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

130256466.1

2

DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

1     This motion is made following the conference of counsel pursuant to L.R. 7-3
2  which took place on September 28, 2023.

3

4  DATED:  October 20, 2023          LEWIS BRISBOIS BISGAARD & SMITH LLP

5

6

7                                    By:     /s/ Abigail J.R. McLaughlin

8                                          TONY M. SAIN
                                           ABIGAIL J. R. McLAUGHLIN
9                                          Attorneys for Defendants,
                                           COUNTY OF RIVERSIDE, PAUL E.
10                                         ZELLERBACH, SEAN LAFFERTY,
                                           TRICIA FRANSDAL and JEFF VAN
11                                         WAGENEN

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## **TABLE OF CONTENTS**

Page

1. INTRODUCTION & SUMMARY OF ARGUMENT. .................................. 1

2. LEGAL STANDARD FOR MOTION TO DISMISS. ................................. 2

3. ARGUMENT: PLAINTIFF'S CLAIMS ARE FATALLY DEFICIENT. ....... 2

    A. As Previously Decided By This Court, The First Cause of Action For Malicious Prosecution Is Time-Barred. .................................................... 2

    B. The Second Cause Of Action For a *Tatum-Lee* Claim Fails As A Matter of Law.......................................................................................... 7

        i. *Plaintiff's Tatum-Lee Claim is Time-Barred.*.............................. 7

        ii. *Plaintiff Pled His Tatum-Lee Claim Against Improper Defendants, Who Were All Prosecutors During the Disputed Incident.* ...................................................................................... 9

    C. The Third and Fourth Causes of Action for *Monell* Liability, A Pendent Claim, Fails Because The First and Second Causes of Action Fail.......................................................................................................... 11

    D. As Previously Decided By This Court, The Fifth Cause of Action For Declaratory Relief Fails As A Matter of Law........................................ 11

4. PLAINTIFF CANNOT CURE THE FOREGOING DEFECTS BY AMENDMENT. .............................................................................................. 12

5. CONCLUSION. ............................................................................................... 13

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

# TABLE OF AUTHORITIES

**Page**

## CASES

*Am. States Ins. Co. v. Kearn*s, 15 F.3d 142 (9th Cir. 1994) .......................................12

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009)................................................................2

*Big Country Foods, Inc. v. Bd. of Educ. of the Anchorage School Dist.*, 868 F.2d 1085 (9th Cir. 1989)................................................................13

*Caldwell v. City of Selma*, 2015 U.S. Dist. LEXIS 50445 (E.D. Cal. Apr. 16, 2015)................................................................6

*Chapman v. Pier 1 Imps. (U.S.), Inc.*, 631 F.3d 939 (9th Cir. 2011) ........................2

*Chaset v. Fleer/Skybox Int'l, LP*, 300 F.3d 1083 (9th Cir. 2002) ...........................13

*Cherry v. Tyler*, 2019 U.S. Dist. LEXIS 1060045 (E.D. Cal. Mar. 6, 2019)..............6

*Cholla Ready Mix, Inc. v. Civish*, 382 F.3d 969 (9th Cir. 2004)................................3

*Clark v. Baxter Healthcare Corp.*, 83 Cal. App. 4th 1048 (2000) ...........................4

*Cline v. Brusett*, 661 F.2d 108 (9th Cir. 1981) .....................................................3

*Collins v. City of Oakland*, 2014 U.S. Dist. LEXIS 15015 (N.D. Cal. Feb. 3, 2014)................................................................7

*Demarest v. City of Vallejo*, 2017 U.S. Dist. LEXIS 120063 (E.D. Cal. July 2017)................................................................10

*Fatai v. City & Cty. of Honolulu*, 2021 U.S. Dist. LEXIS 130037 (D. Haw. July 13, 2021) ................................................................11

*Fox v. Ethicon Endo-Surgery, Inc.*, 35 Cal. 4th 797 (2005)................................4, 5

*Gardner v. Cal. Highway Patrol*, 2015 U.S. Dist. LEXIS 94242 (E.D. Cal. July 20, 2015) ................................................................11

*Gardner v. Martino*, 563 F.3d 981 (9th Cir. 2009) ................................................13

*Hartmann v. Cal. Dep't Corr. & Rehab.*, 707 F.3d 1114 (9th Cir. 2023)..................2

*Heck v. Humphrey*, 512 U.S. 477 (1994)................................................................3, 7

*Hernandez v. Kennedy*, 595 F. App'x 673 (9th Cir. 2014) ....................................10

*Ileto v. Glock Inc.*, 349 F.3d 1191 (9th Cir. 2003) ................................................2

*Jablon v. Dean Witter & Co.*, 614 F.2d 677 (9th Cir. 1980)................................2

LEWIS BRISBOIS BISGAARD & SMITH LLP
ATTORNEYS AT LAW

*Jolly v. Eli Lilly & Co.*, 44 Cal. 3d 1103 (1988)..........................................................4, 5

*Long v. City & Cnty. of Honolulu*, 511 F.3d 901 (9th Cir. 2007) ............................11

*Los Angeles v. Lyons*, 461 U.S. 95 (1983)..................................................................12

*Maldonado v. Harris*, 370 F.3d 945 (9th Cir. 2004) ................................................3

*McDonough v. Smith*, 139 S. Ct. 2149 (2019)............................................................8

*Morgan v. Komers*, 151 F. App'x 546 (9th Cir. 2005)...............................................7

*Morse v. Cnty. of Merced*, 2017 U.S. Dist. LEXIS 1072757 (E.D. Cal. July 11, 2017)..................................................................................................................11

*Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708 (9th Cir. 2001) ..............13

*Park v. Thompson*, 851 F.3d 910 (9th Cir. 2017)......................................................2

*Pasena v. Correa*, 2023 U.S. Dist. LEXIS 27691 (D. Haw. Feb. 17, 2023)............11

*Poulos v. City of L.A.*, 2022 U.S. Dist. LEXIS 212706 (C.D. Cal. Sep. 30, 2022).....................................................................................................................11

*Quarry v. Doe I*, 53 Cal. 4th 945 (2012) .................................................................8

*Quintanar v. Cnty. of Stanislaus*, 2022 U.S. Dist. LEXIS 166101 (E.D. Cal. Sep. 13, 2022)....................................................................................................11

*Scott v. Henrich*, 39 F.3d 912 (9th Cir. 1994) ........................................................11

*Tavakoli v. City of L.A.*, 2019 U.S. Dist. LEXIS 47331 (C.D. Cal. Mar. 18, 2019).....................................................................................................................11

*Tekelu v. Yuma, City of*, 2019 U.S. Dist. LEXIS 78638 (D. Ariz. May 7, 2019) .....11

*Tillman v. L.A. Cnty. Dist. Attorney's Office*, 2022 U.S. Dist. LEXIS 242103 (C.D. Cal. Sept. 21, 2022) ................................................................................7, 8

*Velarde v. City of Union City*, 2006 U.S. Dist. LEXIS 82325 (N.D. Cal. Oct. 30, 2006)..........................................................................................................6

*Wallace v. Kato*, 549 U.S. 384 (2007)......................................................................8

## RULES

Fed. R. Civ. P. 12.......................................................................................................2

Fed. R. Civ. P. 15.......................................................................................................13



LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

## <u>MEMORANDUM OF POINTS AND AUTHORITIES</u>

## 1.   INTRODUCTION & SUMMARY OF ARGUMENT.

While the Ninth Circuit may have stated that, on remand, Plaintiff could seek leave to amend his complaint to assert a *Tatum-Lee* claim and this Court subsequently granted Plaintiff leave to amend his Complaint "as the previously dismissed malicious prosecution claim, the <u>Monell</u> claim, a <u>Tatum-Lee</u> claim, and any other potential claim," that does not mean that Plaintiff's alleged claims in his First Amended Complaint are proper.  [Dkt. 63, 68.]  Rather, Plaintiff's First Amended Complaint alleges (1) a malicious prosecution claim this Court already found to be time-barred; (2) a time-barred *Tatum-Lee* claim; (3) two *Monell* claims that fail as a matter of law; and (4) a claim for declaratory relief that also fails as a matter of law.

Specifically, Plaintiff fails to dispute that he was on inquiry notice of his potential malicious prosecution and *Tatum-Lee* claims when his criminal charges were dismissed and his causes of action began to accrue on March 6, 2014.  Thus, under the applicable two year status of limitations, Plaintiff's last day to bring these claims was March 6, 2016 – more than five years <u>before</u> Plaintiff actually filed his initial Complaint in this matter on July 29, 2021.  Plaintiff's malicious prosecution and *Tatum-Lee* claims are time-bared and should be dismissed with prejudice.

Further, Plaintiff's causes of action for *Monell* liability fail because his malicious prosecution and *Tatum-Lee* claims do.  Municipal liability is contingent on an underlying violation of constitutional rights and, without plaintiff's first and second causes of action, there are no constitutional violations for which Defendant County of Riverside would be liable through a pendent *Monell* claim.

Plaintiff's cause of action for declaratory relief also fails because, if the Court grants judgment on the pleadings as to his other causes of action, there is no longer an underlying claim, which is required for declaratory relief. Additionally, in order to obtain declaratory relief, Plaintiff must show immediate threat of injury. As Plaintiff did not and

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1  cannot allege immediate threat of injury of being a *future* victim of claimed prosecutorial
2  misconduct, this claim also fails as a matter of law.

3  **2.     LEGAL STANDARD FOR MOTION TO DISMISS.**

4           Federal Rule of Civil Procedure 12(b)(6) allows an attack on a pleading for "failure
5  to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).  "To survive
6  a motion to dismiss, a complaint must contain sufficient matter, accepted as true, to state
7  a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)
8  (cleaned up).  "Dismissal under Rule 12(b)(6) is appropriate only where the complaint
9  lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory."
10  *Hartmann v. Cal. Dep't Corr. & Rehab.*, 707 F.3d 1114, 1122 (9th Cir. 2023) (quoting
11  *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008)).
12  Additionally, a party may raise a statute of limitations defense on a motion to dismiss
13  "[i]f the running of the statute is apparent on the face of the complaint." *Jablon v. Dean*
14  *Witter & Co.*, 614 F.2d 677, 682 (9th Cir. 1980).

15          In reviewing a motion to dismiss, courts must accept plaintiff's factual allegations
16  as true and view them in the light most favorable to them.  *Park v. Thompson*, 851 F.3d
17  910, 918 (9th Cir. 2017).  However, courts will "not accept any unreasonable inferences
18  or assume the truth of legal conclusions cast in the form of factual allegations." *Ileto v.*
19  *Glock Inc.*, 349 F.3d 1191, 1200 (9th Cir. 2003).  Further, courts "may not supply
20  essential elements of the claim that were not initially pled." *Chapman v. Pier 1 Imps.*
21  *(U.S.), Inc.*, 631 F.3d 939, 954 (9th Cir. 2011) (quoting *Pena v. Gardner*, 976 F.3d 469,
22  471 (9th Cir. 1992)).

23  **3.     ARGUMENT: PLAINTIFF'S CLAIMS ARE FATALLY DEFICIENT.**

24       **A.     <u>As Previously Decided By This Court, The First Cause of Action For</u>**
25              **<u>Malicious Prosecution Is Time-Barred.</u>**

26          This Court previously found that Plaintiff's claim for malicious prosecution under
27  42 U.S.C. § 1983 ("Section 1983") in his original Complaint is time-barred.  [Dkt. 44 at
28  p. 4, § IV(A).]  Nothing in Plaintiff's amended complaint should alter this Court's prior

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

130256466.1                                          2
DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

decision regarding this issue.  Specifically, while Plaintiff added allegations regarding Plaintiff's unawareness that some of the prosecutors involved in his criminal matter wrote internal memorandum regarding their belief Plaintiff was innocent and the charges should be dismissed and that "Plaintiff was not on notice of this violation of his rights until he learned that the prosecutors assigned to his case had always believed he was innocent and in October 2020, when he learned of the existence of the recorded jail calls," such allegations do not change that Plaintiff's malicious prosecution claim remains time-barred because the statutory period ran from the date of the dismissal of the criminal charges, as per *Heck v. Humphrey*, 512 U.S. 477 (1994).  [*See* Dkt. 69 at ¶ 20, 43.]

Section 1983 does not contain its own limitations period.  *Cholla Ready Mix, Inc. v. Civish*, 382 F.3d 969, 974 (9th Cir. 2004).  The appropriate period is that of the forum state's statute of limitations for personal injury torts.  *Maldonado v. Harris*, 370 F.3d 945, 954 (9th Cir. 2004).  In California, the statute of limitations for personal injury actions is the two-year period set forth in California Code of Civil Procedure section 335.1, and is the applicable statute in Section 1983 actions.  *Id.*  Malicious prosecution claims brought under Section 1983 accrue upon favorable termination of the underlying criminal proceeding.  *Heck v. Humphrey*, 512 U.S. 477, 484 (1994); *Cline v. Brusett*, 661 F.2d 108, 110 (9th Cir. 1981).

It remains undisputed that the criminal charges against Plaintiff were dismissed on March 6, 2014.   [Dkt. 69 at ¶ 18.]  Thus, Plaintiff's claim of malicious prosecution was, absent tolling, untimely filed and is barred by the statute of limitation as of March 6, 2016 and Plaintiff did not file his initial Complaint in this action until **July 29, 2021**, <u>nearly 5 years later.</u>

In both Plaintiff's Opposition to Defendants' Motion for Judgment on the Pleadings on his initial Complaint and in Plaintiff's Answering Brief regarding Defendants' Ninth Circuit Appeal of this Court's Order on Defendants' Motion for Judgment on the Pleadings, Plaintiff put forth the argument that California's delayed discovery rule tolled the statute of limitations in this matter because Plaintiff did not

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

130256466.1

3

DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

discover that the prosecution purportedly withheld exculpatory evidence – the recorded confession of Willie Womack ("Womack") – while Plaintiff's criminal charges were pending for a period of six months until October 2020. [*See* App. Dkt. 17 at pp. 38-40; Dkt. 38.]  However, Plaintiff cannot circumvent the applicable statute of limitations in this matter based on such allegation.

This Court previously and correctly ruled that the delayed discovery rule did <u>not</u> apply to Plaintiff's malicious prosecution claim:

> Indeed, Mr. Parker's discovery of Womack's recorded confession was not the first time he was placed on notice of an injury caused by Defendants' wrongful conduct.  Mr. Parker pleads no facts to explain "why he was not on inquiry notice at the time" his criminal case was dismissed, or "why he otherwise could not have discovered his injuries with reasonable diligence" at the time his case was dismissed. Although Plaintiff alleges that Defendants fraudulently concealed Womack's confession, Mr. Parker's discovery of Womack's confession went only to the <u>strength</u> of Mr. Parker's claim—not to whether he had inquiry notice of it.

[Dkt. 44 at pp. 5-9, § IV(A).]  Nothing in Plaintiff's Amended Complaint changes this Court's prior dismissal of Plaintiff's malicious prosecution claim as time-barred and its analysis in support.

The delayed discovery rule "postpones accrual of a cause of action until the plaintiff discovers, or has reason to discovery, the cause of action." *Fox v. Ethicon Endo-Surgery, Inc.*, 35 Cal. 4th 797, 807 (2005).  The statute of limitations begins to run when "the plaintiff suspects or should suspect that her injury was caused by wrongdoing, that someone has done something wrong to her." *Clark v. Baxter Healthcare Corp.*, 83 Cal. App. 4th 1048, 1055 (2000).  A plaintiff has reason to discover the injury when she has "notice of information of circumstances to put a reasonable person on *inquiry*." *Jolly v. Eli Lilly & Co.*, 44 Cal. 3d 1103, 1110-11 (1988).  "[P]laintiffs are required to conduct a reasonable investigation after becoming aware of an injury, and are charged with the knowledge of information that would have been revealed by such an investigation." *Fox*, 35 Cal. 4th at 808.  As such, "[a] plaintiff need not be aware of the specific 'facts'

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

necessary to establish the claim; that is a process contemplated by pretrial discovery. Once the plaintiff has a *suspicion* of wrongdoing, and therefore an incentive to sue, she must decide whether to file suit or sit on her rights.  So long as a suspicion exists, it is clear that he plaintiff must go find the facts; she cannot wait for the facts to find her." *Jolly*, 44 Cal. 3d at 1111 (emphasis added).

"In order to rely on the discovery rule for delayed accrual of a cause of action, [a] plaintiff whose complaint shows on its face that his claim would be barred without the benefit of the discovery rule must specifically plead facts to show (1) the time and manner of discovery and (2) the inability to have made earlier discovery despite reasonable diligence." *Fox*, 35 Cal. 4th at 808 (cleaned up).  The burden is on the plaintiff to plead facts establishing that the delayed discovery rule applies.  *Id.*

Plaintiff alleges in his Complaint that he was on inquiry notice that the Defendants committed a wrongdoing causing him injury from the outset of the investigation into the murder of Brandon Stevenson, stating that Plaintiff "denied killing Stevenson for several hours before ultimately confessing 'very sarcastically' because 'the detectives had told him [that] self-defense was legal and denial only landed him in jail.'" [Dkt. 69 at ¶ 5; *see also id.* at ¶ 13 ("All the while, Roger Parker sat in jail, charged with a crime that he did not commit.").] Moreover, even if Plaintiff did not allege in his own Complaint that he was aware he had been charged with a crime he did not commit from the initiation of the investigation into Stevenson's murder, an investigation into the matter upon the dismissal of his criminal charges would have demonstrated to Plaintiff he potentially had a claim, as, on February 11, 2014, former Assistant District Attorney Christopher Ross, who had been assigned to Plaintiff's criminal matter, filed a claim where Mr. Ross "stated that he had been discriminated against by the District Attorney's Office based on, inter alia, 'his refusal to prosecute an innocent defendant and his repeated recommendation that the defendant be released from his custody and his case dismissed.  The defendant remains in custody although the evidence all supports his factual innocence." [*Id.* at ¶ 19, Exh. F.] As, upon dismissal of his criminal charges, reasonable investigation would

have revealed Mr. Ross's involvement in Plaintiff's underlying criminal matter and Mr. Ross's claims involving Plaintiff's innocence,  Plaintiff cannot claim that the statute of limitations in this matter should be tolled for an additional <u>five years</u> simply because Plaintiff did not purportedly discover evidence in support of his malicious prosecution claim until October 2020.  Such is further supported by the fact that Mr. Ross filed a Complaint for Retaliation and Disability Discrimination on July 10, 2014 which explicitly made allegations regarding Womack's confession and Parker's innocence. [Request for Judicial Notice, Exh. A, ¶¶ 10-13.]

When Plaintiff's criminal charges were dismissed on March 6, 2014, he certainly had the required information of circumstances that would put a reasonable person on inquiry notice, thus his cause of action for malicious prosecution had accrued and the applicable statute of limitations began to run.  Plaintiff cannot now claim tolling based on his alleged discovery of Womack's recorded confession in October 2020 because, as this Court has already ruled, such goes to the *strength* of his malicious prosecution claim, not his inquiry notice of it.

The elements of a malicious prosecution claim are "(1) the initiation of criminal prosecution, (2) malicious motivation, and (3) lack of probable cause." *Caldwell v. City of Selma*, 2015 U.S. Dist. LEXIS 50445, at \*26 (E.D. Cal. Apr. 16, 2015) (quoting *Usher v. City of Los Angeles*, 828 F.2d 556, 562 (1987)).  At the time of the coerced confession, Plaintiff had all the information he needed to be aware of the injury and to present his claim to the government entity.  *See Cherry v. Tyler*, 2019 U.S. Dist. LEXIS 1060045, at \*13 (E.D. Cal. Mar. 6, 2019) (denying application of the delayed discovery rule to a claim for false arrest because "Plaintiff would have known at the moment of arrest that it was wrongful"); *Velarde v. City of Union City*, 2006 U.S. Dist. LEXIS 82325, at \*20-23 (N.D. Cal. Oct. 30, 2006) (denying application of the delayed discovery rule where plaintiff knew injuries were caused by alleged wrongdoing when the incident occurred); *Collins v. City of Oakland*, 2014 U.S. Dist. LEXIS 15015, at \*18-21 (N.D. Cal. Feb. 3, 2014) ("That there might be 'recently discovered evidence' does not mean that his potential §

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

130256466.1

6

DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

1983 claim did not accrue years ago or that he could not have brought his claim within the limitations period.  It goes to the strength of his claim, not his notice of it."). Furthermore, even if Plaintiff attempted to walk back the allegation of his sarcastic confession, Plaintiff's knowledge throughout his criminal prosecution that Plaintiff was innocent would put him on inquiry notice that he may have had a claim and *any* investigation at the time Plaintiff's criminal charges were dismissed would have led him to Mr. Ross's publicly filed lawsuit mentioning the confession.

The delayed discovery rule does not apply to Plaintiff's malicious prosecution claim and, thus, such was time-barred on <u>March 6, 2016</u>, **more than 5 years prior to Plaintiff's initiation of the subject lawsuit** and should be dismissed with prejudice.

## B.   The Second Cause Of Action For a *Tatum-Lee* Claim Fails As A Matter of Law.

### i.   Plaintiff's Tatum-Lee Claim is Time-Barred.

Plaintiff's alleged *Tatum-Lee* claim is based on violation of the Due Process Clause of the Fourteenth Amendment.  [Dkt. 69 at ¶¶ 48-49.]  The statute of limitations for a procedural due process claim brought under Section 1983 brought in California is two years.  *Morgan v. Komers*, 151 F. App'x 546, 548 (9th Cir. 2005) (citing *Jones v. Blanas*, 393 F.3d 918, 927 (9th Cir. 2004)); *Tillman v. L.A. Cnty. Dist. Attorney's Office*, 2022 U.S. Dist. LEXIS 242103 at *8 (C.D. Cal. Sept. 21, 2022).  Where, as here, a cause of action for due process violation is based on failure to disclose exculpatory evidence, such claim is analogous to the common law tort of malicious prosecution when analyzing the applicable of statute of limitations.  *Heck*, 512 U.S. at 484 ("The common-law cause of action for malicious prosecution provides the closest analogy to claims of the type considered here because, unlike the related cause of action for false arrest or imprisonment, it permits damages for confinement imposed pursuant to legal process."); *see McDonough v. Smith*, 139 S. Ct. 2149, 2154-2155 (2019) (referring to the tort of malicious prosecution as "the most natural common-law analogy" for a Section 1983 fabricated-evidence claim).  Thus, for the same reasons that Plaintiff's malicious

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

prosecution claim is time-barred, Plaintiff's *Tatum-Lee* claim also is fatally late.  Plaintiff admits that he had inquiry notice of a potential civil rights claim when the charges against him were dismissed on March 6, 2014 – more than 7 years prior to the filing of this lawsuit.  Plaintiff's last day to file a lawsuit including a *Tatum-Lee* claim was March 6, 2016 and he filed on his lawsuit on July 29, 2021.

Furthermore, the delayed discovery rule also does not apply to Plaintiff's *Tatum-Lee* claim when Plaintiff knew even *prior* to the dismissal of his criminal charges that he could have a potential claim for being kept in prison when he was innocent of the crime he was charged.  [*See* Dkt. 69 at ¶¶ 5, 13.]  A plaintiff has reason to discover the claim when he "has reason at least to suspect a factual basis for its elements."  *Quarry v. Doe I*, 53 Cal. 4th 945, 960 (2012) (cleaned up).  "[S]uspicion of one or more of the elements of a cause of action, coupled with knowledge of any remaining elements, will generally trigger the applicable limitations period."  *Id.* (cleaned up); *see Wallace v. Kato*, 549 U.S. 384, 390-91, 397 (2007) ("The cause of action accrues even though the full extent of the injury is not known or predictable.") (cleaned up); *Tillman*, 2022 U.S. Dist. LEXIS 242103, at *6-7 (finding that plaintiff's claims were time-barred where factual allegations in a more recent time period were "further actions taken by Plaintiffs to investigate Defendants' conduct, while the actual underlying conduct that had allegedly damages Plaintiffs had already occurred").

Like Plaintiff's malicious prosecution claim, while the purported suppression of exculpatory evidence could go to the strength of Plaintiff's potential *Tatum-Lee* due process claim, it does not change the fact that Plaintiff admits that he had inquiry notice of a potential civil rights claim when the charges against him were dismissed.  Plaintiff has failed to and cannot allege any facts to explain why he was not on inquiry notice at the time his criminal case was dismissed, or why he otherwise could not have discovered his injuries through reasonable diligence at that time, especially when former Mr. Ross initiated his retaliation lawsuit against the County of Riverside on July 10, 2014 and specifically discussed the confession and referred to it as "exculpatory evidence" in his

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1  initial Complaint. [Request for Judicial Notice, Exh. A, ¶¶ 10-13.] Plaintiff's *Tatum-*

2  *Lee* claim thus fails as a matter of law wand should be dismissed with prejudice.

3          ii.      ***Plaintiff Pled His Tatum-Lee Claim Against Improper Defendants,***

4                   ***Who Were All Prosecutors During the Disputed Incident.***

5          Even if Plaintiff's *Tatum-Lee* claim was not time-barred (which it is), such claim

6  still fails as a matter of law because Plaintiff cannot plead the required elements to bring

7  such a claim.  In *Tatum v. Moody*, 768 F.3d 806 (9th Cir. 2014), the Ninth Circuit

8  specified that, in order for a plaintiff to bring a due process claim under the Fourteenth

9  Amendment for prolonged detention based on the purported nondisclosure of exculpatory

10 evidence, the plaintiff's detention must be caused by the <u>investigating officers'</u> failure to

11 disclose exculpatory evidence *to prosecutors*: "We emphasize the narrowness of the

12 constitutional rule we enforce today, which is restricted to detentions of (1) unusual

13 length, (2) caused by the investigating officers' failure to disclose highly significant

14 exculpatory evidence to prosecutors, (3) due to conduct that is culpable in that the officers

15 understood the risks to plaintiff's rights from withholding the information or were

16 completely indifferent to those risks." *Tatum*, 768 F.3d at 806.  Due to the *Tatum* Court's

17 explicit narrowing of a Fourteenth Amendment due process claim based on prolonged

18 detention in the face of exculpatory evidence to matters where the investigating officer,

19 *i.e.*, the police officer or detective involved, did not disclose information to the

20 prosecutor, it appears that **such cause of action cannot be brought against the**

21 **prosecutor themselves**.

22         First, in Plaintiff's First Amended Complaint, Plaintiff alleges that it was Mr. Ross

23 who discovered the allegedly exculpatory confession: there is no allegations regarding

24 investigating officers failing in their duty to provide exculpatory evidence to prosecutors

25 because no such failure occurred.  [Dkt. 69 at ¶¶ 15-16.]  Rather, Plaintiff alleges that it

26 was the prosecutors' failure to disclose exculpatory evidence obtained by the prosecutor

27 Mr. Ross himself to Plaintiff or his criminal counsel which underlies Plaintiff's *Tatum-*

28 *Lee* claim.  [*Id.*]  As a result, by Plaintiff's own Complaint admissions, Plaintiff cannot

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

130256466.1

9

satisfy the second element of a *Tatum-Lee* claim: namely, failure to timely disclose by the investigators and Plaintiff cannot now claim that it was investigators who failed to disclose. Thus, Plaintiff cannot assert a *Tatum-Lee* claim in this case against Defendants, because such were all members of the Riverside County District Attorney's Office and acting in the underlying criminal matter as prosecutors and/or supervisors – as Plaintiff's First Amended Complaint concedes. [*Id.* at ¶¶ 37-40.]

In a related vein, in *Demarest v. City of Vallejo*, 2017 U.S. Dist. LEXIS 120063 (E.D. Cal. July 2017), the Court found that, where a plaintiff alleged that "evidence was withheld only from plaintiff's *criminal defense counsel*, not the prosecutor," such allegations did not state a cognizable claim under *Tatum* because the evidence being withheld from the <u>prosecutor</u> is a necessary element of such claim. *Id.* at *11-12 (also specifying that "A Fourteenth Amendment due process claim under § 1983 may be premised on a *police officer*'s willful failure to disclose exculpatory evidence . . . .") (emphasis added). Moreover, in analyzing Ninth Circuit cases where *Tatum-Lee* claims were at issue, such claims have only been brought against investigating police officers and not the prosecutors involved in the criminal matters underlying such claims. *See, e.g.*, *Hernandez v. Kennedy*, 595 F. App'x 673, 675 (9th Cir. 2014); *Poulos v. City of L.A.*, 2022 U.S. Dist. LEXIS 212706, at *27 (C.D. Cal. Sep. 30, 2022); *Tavakoli v. City of L.A.*, 2019 U.S. Dist. LEXIS 47331, at *21-23 (C.D. Cal. Mar. 18, 2019); *Quintanar v. Cnty. of Stanislaus*, 2022 U.S. Dist. LEXIS 166101, at *26-27 (E.D. Cal. Sep. 13, 2022); *Gardner v. Cal. Highway Patrol*, 2015 U.S. Dist. LEXIS 94242, at *19-31 (E.D. Cal. July 20, 2015); *Morse v. Cnty. of Merced*, 2017 U.S. Dist. LEXIS 1072757, at *38-40 (E.D. Cal. July 11, 2017); *Pasena v. Correa*, 2023 U.S. Dist. LEXIS 27691, at *46-47 (D. Haw. Feb. 17, 2023); *Fatai v. City & Cty. of Honolulu*, 2021 U.S. Dist. LEXIS 130037, at *22 n.11 (D. Haw. July 13, 2021); *Tekelu v. Yuma, City of*, 2019 U.S. Dist. LEXIS 78638, at *21-22 (D. Ariz. May 7, 2019).

Thus, here, because Plaintiff's claim fails to fulfill the second element of a *Tatum-Lee* due process claim – a detention caused by the investigating officers' failure to

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

disclose highly significant exculpatory evidence to prosecutors – any allegation of such a claim by Plaintiff would fail.

### C.  The Third and Fourth Causes of Action for *Monell* Liability, A Pendent Claim, Fails Because The First and Second Causes of Action Fail.

In light of the above, Plaintiff's *Monell* claims cannot survive.  The liability of municipalities "is contingent on a[n underlying] violation of constitutional rights." *Scott v. Henrich*, 39 F.3d 912, 916 (9th Cir. 1994). "If no constitutional violation occurred, the municipality cannot be held liable . . . ." *Long v. City & Cnty. of Honolulu*, 511 F.3d 901, 907 (9th Cir. 2007). In other words, as a pendent claim, if there is no viable underlying constitutional violation claim, there cannot be a viable *Monell* claim.  *See id.* Therefore, because Plaintiff's two causes of action asserting violations of his constitutional rights fail as a matter of law, so too does his third and fourth causes of action for *Monell* liability. Defendant's motion to dismiss should thus also be granted as to Plaintiff's third and fourth causes of action.

### D.  As Previously Decided By This Court, The Fifth Cause of Action For Declaratory Relief Fails As A Matter of Law.

As an initial matter, if this Court properly determines that Plaintiff's first, second, and third causes of action fail and dismisses them with prejudice, then his fourth cause of action must also be dismissed with prejudice. "Jurisdiction to award declaratory relief exists only in a case of actual controversy." *Am. States Ins. Co. v. Kearns*, 15 F.3d 142, 143 (9th Cir. 1994). Because declaratory relief thus requires an underlying claim, and no underlying claims would remain if Plaintiff's other causes of actions are dismissed, Plaintiff's fifth cause of action fails.

Further, this Court previously dismissed Plaintiff's claim for declaratory relief without leave to amend because, in his initial Complaint, Plaintiff "[did] not allege 'that there is a threat of him being the victim of prosecutorial misconduct again in the future'; and that, even if he does allege such a future threat, he fails to 'demonstrate a significant

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1   threat of irreparable injury.'" [Dkt. 44 at p. 8, § IV(D).] Plaintiff has failed to make any

2   such allegations in his First Amended Complaint as well. [*Compare* Dkt. 1 at 16:7-20

3   *with* Dkt. 69 at ¶¶ 66-69 (substantively identical allegations).]

4   　　　In order to seek declaratory relief enjoining a defendant from engaging in the

5   wrongful conduct alleged, Plaintiff "must show that he 'has sustained or is immediately

6   in danger of sustaining some direct injury' as a result of the challenged official conduct

7   and the injury or threat of injury must be both 'real and immediate,' not 'conjectural' or

8   'hypothetical.'" *Los Angeles v. Lyons*, 461 U.S. 95, 101-102 (1983). In *Lyons*, the

9   plaintiff did not have standing to sue the City for injunctive relief because, despite a past

10   chokehold used on him by the police, he did not prove "a real and immediate threat" that

11   he would *again* be "illegally choked into unconsciousness without provocation." *Id.* at

12   105. In other words, absent threat of *future* harm, there is no right to declaratory relief.

13   　　　Here, in this matter, Plaintiff continues to file to make <u>any</u> allegations that there is

14   a threat of him being the victim of prosecutorial misconduct again *in the future*. [Dkt. 69

15   at ¶¶ 66-69.] In fact, his allegations regarding his request for "an appropriate injunction

16   to permanently enjoin the D.A.'s Office from engaging in these practices," refers to a

17   "pattern of prosecutorial misconduct" *in the past tense*. [*Id.* at ¶ 68.] Moreover, even if

18   Plaintiff did allege a future threat, he still "must demonstrate a significant threat of

19   irreparable injury." *Big Country Foods, Inc. v. Bd. of Educ. of the Anchorage School*

20   *Dist.*, 868 F.2d 1085, 1088 (9th Cir. 1989). Plaintiff has not satisfied the injury in fact

21   requirement because he has not and cannot allege how Defendants will immediately harm

22   him.

23   　　　Therefore, this Court should uphold its prior ruling and dismiss Plaintiff's cause

24   of action for declaratory relief because it fails as a matter of law.

25   **4.   PLAINTIFF CANNOT CURE THE FOREGOING DEFECTS BY**

26   　　　**AMENDMENT.**

27   　　　Generally, a court should liberally allow a party leave to amend its pleading. *See*

28   Fed. R. Civ. P. 15(a); *see also Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708,

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

130256466.1

12

DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

712 (9th Cir. 2001) ("A district court shall grant leave to amend freely when justice so requires," and "this policy is to be applied with extreme liberality.") However, the Court should deny leave to amend where amendment would be futile. *Gardner v. Martino*, 563 F.3d 981, 990 (9th Cir. 2009).  "When a proposed amendment would be futile, there is no need to prolong the litigation by permitting further amendment."  *Chaset v. Fleer/Skybox Int'l, LP*, 300 F.3d 1083, 1088 (9th Cir. 2002) (affirming the trial court's denial of leave to amend where plaintiffs could not cure a basic flaw – inability to demonstrate standing – in their pleading).

Here, Plaintiff himself states that his criminal matter dismissed by Defendants on March 6, 2014. Thus, he admits that his malicious prosecution and *Tatum-Lee* claims accrued on that date and, thus, he should have filed it March 6, 2016 pursuant to the applicable two-year statute of limitations. *See* Section 3(A)-(B), *supra*.  As Plaintiff cannot remedy this error to cure the defect in his first and second claims for relief, he should not be granted leave to amend.  Additional, as also stated above, because Plaintiff's first and second cause of actions cannot be cured by amendment, his third and fourth causes of actions are also fatally deficient.  *See* Section 3(C)-(D), *supra*. Accordingly, amendment is futile and leave to amend is appropriate.

Because Plaintiff was on notice that his claims in this matter were <u>not</u> warranted by existing law, if Plaintiff does not voluntarily withdraw his Complaint prior to this Court's decision on the subject Motion, such is subject to sanctions under Federal Rule of Civil Procedure 11.  [*See* Dkt. 67.]

**5.    CONCLUSION.**

For the foregoing reasons, this Court should grant Defendants' Motion to Dismiss Plaintiff's First Amendment Complaint in its entirety and dismiss Plaintiff's entire complaint with prejudice.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1   DATED:  October 20, 2023          LEWIS BRISBOIS BISGAARD & SMITH LLP

2

3                                     By:      /s/ Abigail J.R. McLaughlin

4                                              TONY M. SAIN
                                               ABIGAIL J. R. McLAUGHLIN
5                                     Attorneys for Defendants,
                                      COUNTY OF RIVERSIDE, PAUL E.
6                                     ZELLERBACH, SEAN LAFFERTY,
                                      TRICIA FRANSDAL and JEFF VAN
7                                     WAGENEN

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

# FEDERAL COURT PROOF OF SERVICE
Roger Wayne Parker v. County of Riverside, et al
Case No. 5:21-cv-01280-JGB-KK

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

At the time of service, I was over 18 years of age and not a party to the action. My business address is 633 West 5th Street, Suite 4000, Los Angeles, CA 90071. I am employed in the office of a member of the bar of this Court at whose direction the service was made.

On October 20, 2023, I served the following document(s): DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 12(B)(6)

I served the documents on the following persons at the following addresses (including fax numbers and e-mail addresses, if applicable):

## SEE ATTACHED SERVICE LIST

The documents were served by the following means:

☒ (BY COURT'S CM/ECF SYSTEM) Pursuant to Local Rule, I electronically filed the documents with the Clerk of the Court using the CM/ECF system, which sent notification of that filing to the persons listed above.

I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

Executed on October 20, 2023, at Los Angeles, California.

/s/ Corinne Taylor
Corinne Taylor

130256466.1

1

DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

1
2

**SERVICE LIST**
**Roger Wayne Parker v. County of Riverside, et al**
**Case No. 5:21-cv-01280-JGB-KK**

3
4
5
6
7
8

Gerald B. Singleton
John Lemon
Kimberly Trimble
SINGLETON SCHREIBER LLP
450 A Street, 5th Floor
San Diego, California 92101

Attorneys for Plaintiff, ROGER
WAYNE PARKER

Tel: (619) 771-3473
Fax: (619) 255-1515
gsingleton@singletonschreiber.com
jlemon@singletonschreiber.com
ktrimble@singletonschreiber.com

9
10
11
12
13
14

Wilbur O. Colom, MS SBN 6403 *(Pro Hac Vice Pending)*
COLOM AND BRANT LLC
SPECIAL COUNSEL TO THE PRESIDENT OF THE NAACP
P. O. Box 866
Columbus, MS 397703

Telephone: (662) 327-0903
Facsimile: (662) 329-4832
wil@colom.com

15
16
17
18
19
20
21
22
23
24
25
26
27
28

2
DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW