**LEWIS BRISBOIS BISGAARD & SMITH LLP**
TONY M. SAIN, SB# 251626
  E-Mail: Tony.Sain@lewisbrisbois.com
ABIGAIL J. R. McLAUGHLIN, SB# 313208
  E-Mail: Abigail.McLaughlin@lewisbrisbois.com
LILIT ARABYAN, SB# 311431
  E-Mail: Lilit.Arabyan@lewisbrisbois.com
633 West 5th Street, Suite 4000
Los Angeles, California 90071
Telephone: 213.250.1800
Facsimile: 213.250.7900

Attorneys for Defendants,
COUNTY OF RIVERSIDE, PAUL E.
ZELLERBACH, SEAN LAFFERTY,
TRICIA FRANSDAL and JEFF VAN
WAGENEN

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| ROGER WAYNE PARKER,<br><br>        Plaintiff,<br><br>    vs.<br><br>COUNTY OF RIVERSIDE; PAUL E. ZELLERBACH, individually and in his official capacity as County of Riverside District Attorney; SEAN LAFFERTY, individually and in his official capacity; and TRICIA FRANSDAL, individually and in her official capacity; JEFF VAN WAGENEN, individually,<br><br>        Defendants. | Case No. 5:21-cv-01280-JGB-DTBx<br>[*Hon. Jesus G. Bernal, Dist. Judge; Hon. David T. Bristow, M. Judge*]<br><br>**NOTICE OF MOTION AND MOTION BY DEFENDANTS FOR JUDGMENT ON THE PLEADINGS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**<br><br>*Filed Concurrently with [Proposed] Order*<br><br>Date:    July 1, 2024<br>Time:    9:00 a.m.<br>Crtrm.:  1 [Riverside]<br><br>Complaint Filed:  07/29/2021<br>FAC Filed:         09/29/2023<br>Trial Date:        None Set |

## TO PLAINTIFF AND HIS ATTORNEY OF RECORD:

PLEASE TAKE NOTICE that on Monday, July 1, 2024, at 9:00 a.m., or as soon thereafter as the matter may be heard in Courtroom 1 of the above-captioned Court, located at 3470 Twelfth Street, Riverside, California 92501, Defendants

1

COUNTY OF RIVERSIDE, PAUL E. ZELLERBACH, SEAN LAFFERTY, TRICIA FRANSDAL, and JEFF VAN WAGENEN (collectively "Defendants") will move this Court for an order granting judgment on the pleadings on the First Amended Complaint of Plaintiff ROGER WAYNE PARKER ("Plaintiff") filed on September 29, 2023 [Dkt. 69], as modified by this Court's Order Granting-in-Part and Denying-in-Part Defendants' Motion to Dismiss [Dkt. 74], pursuant to Fed. R. Civ. P. 12(c) for the following reasons:

      1.      Plaintiff ROGER WAYNE PARKER's second cause of action for a *Tatum-Lee* Claim under 42 U.S.C. § 1983 fails to state a valid claim upon which relief can be granted against Defendants PAUL E. ZELLERBACH, SEAN LAFFERTY, TRICIA FRANSDAL, and JEFF VAN WAGENEN; and

      2.      Plaintiff ROGER WAYNE PARKER's fourth cause of action for *Monell* Claim Based on *Tatum-Lee* Violations under 42 U.S.C. § 1983 fails to state a valid claim upon which relief can be granted against Defendant COUNTY OF RIVERSIDE.

      The grounds for the motion are as follows: (1) Defendants PAUL E. ZELLERBACH, SEAN LAFFERTY, TRICIA FRANSDAL, and JEFF VAN WAGENEN are entitled to absolute immunity in regards to Plaintiff's claims in this matter; (2) alternatively, Defendants PAUL E. ZELLERBACH, SEAN LAFFERTY, TRICIA FRANSDAL, and JEFF VAN WAGENEN are entitled to qualified immunity in regards to Plaintiff's claims in this matter; and (3) Plaintiff cannot bring a *Monell* liability claim against Defendant COUNTY OF RIVERSIDE based on prosecutors' actions as *state* officials in deciding to proceed with criminal prosecution and withhold exculpatory evidence.

      This motion is based on this notice of motion, the attached memorandum of points and authorities, the pleadings and records on file in this action, and upon such additional documents, evidence, and argument as may be properly before this Court at the time of the hearing on this motion.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1       L.R. 7-3 COMPLIANCE STATEMENT.  This motion is made following the

2   conference of counsel pursuant to L.R. 7-3, which took place via Zoom on March 29,

3   2024 and continued through further correspondence outlining the Parties' respective

4   positions.  Unfortunately, the Parties were unable to resolve the matter and this motion

5   now follows.

6

7   DATED:  June 3, 2024          LEWIS BRISBOIS BISGAARD & SMITH LLP

8

9

10            By:       */s/ Abigail J.R. McLaughlin*

11                TONY M. SAIN

              ABIGAIL J. R. McLAUGHLIN

12                LILIT ARABYAN

13            Attorneys for Defendants,

          COUNTY OF RIVERSIDE, PAUL E.

14            ZELLERBACH, SEAN LAFFERTY,

          TRICIA FRANSDAL and JEFF VAN

15            WAGENEN

16

17

18

19

20

21

22

23

24

25

26

27

28

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

# **TABLE OF CONTENTS**

**Page**

1.  INTRODUCTION AND SUMMARY OF ARGUMENT. ................................ 1

2.  RELEVANT FACTUAL AND PROCEDURAL HISTORY. ........................ 2

3.  LEGAL STANDARD FOR JUDGMENT ON PLEADINGS. ........................ 3

    A.  Where, As Here, The Record Shows That Plaintiff Cannot Cure The Pleading Defects, Further Leave To Amend Must Be Denied. ................................................................................................ 4

4.  DEFENDANT-PROSECUTORS ZELLERBACH, LAFFERTY, FRANSDAL, AND VAN WAGENEN ARE ENTITLED TO ABSOLUTE IMMUNITY. ........................................................................ 4

    A.  Prosecutorial Decisions On When Or Whether To Disclose Exculpatory Evidence Are Part Of Their Prosecutorial-Advocate Function, Not Part Of Their Investigatory Function, And Are Thus Subject To Absolute Immunity. ................................................ 5

    B.  Defendants Zellerbach, Lafferty, Fransdal, and Van Wagenen Alleged Actions in Continuing to Prosecute Plaintiff Despite Exculpatory Evidence Were Prosecutorial. ................................ 7

5.  DEFENDANT COUNTY OF RIVERSIDE CANNOT BE HELD LIABLE UNDER *MONELL* BASED ON PROSECUTORS ACTING AS STATE OFFICIALS. ........................................................................ 9

6.  WHILE PLAINTIFF AGAIN TRIES TO RE-LITIGATE HIS CLAIM FOR *BRADY* DISCLOSURE VIOLATION, IT IS NOW CLEARLY ESTABLISHED THAT SUCH A CLAIM IS NOT ACTIONABLE WHERE, AS HERE, PLAINTIFF WAS RELEASED PRIOR AN EVIDENTIARY PROCEEDING OR CONVICTION. ................................ 12

7.  ADDITIONALLY, THERE IS NO AUTHORITY FOR BRINGING A *TATUM-LEE* DUE PROCESS CLAIM AGAINST A *PROSECUTOR* FOR WITHHOLDING EXCULPATORY EVIDENCE FROM A SUSPECT, AS OPPOSED TO A LAW ENFORCEMENT OFFICER WITHHOLDING SUCH FROM A PROSECUTOR. ................................ 13

8.  ALTERNATIVELY, DEFENDANTS ZELLERBACH, LAFFERTY, FRANSDAL, AND VAN WAGENEN ARE ENTITLED TO QUALIFIED IMMUNITY ................................................................ 14

9.  CONCLUSION. ................................................................................ 18

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

140526631.1

i

MOTION BY DEFENDANTS FOR JUDGMENT ON THE PLEADINGS

1

## <u>TABLE OF AUTHORITIES</u>

2

<u>Page</u>

3

4

## <u>CASES</u>

5   *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).........................................................................3

6   *Baker v. McCollan*, 443 U.S. 137 (1979) .........................................................15, 16, 17

7   *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)...........................................................3

8   *Brady v. Maryland*, 373 U.S. 83 (1963) ......................................................................12

9   *Brass v. Cnty. of Los Angeles*, 328 F.3d 1192 (9th Cir. 2003).................................16

10  *Broam v. Bogan*, 320 F.3d 1023 (9th Cir. 2003)............................................................8

11  *Buckley v. Fitzsimmons*, 509 U.S. 259 (1993).........................................................6, 7

12  *Burns v. Reed*, 500 U.S. 478 (1991) ...............................................................................7

13  *Cafasso v. Gen. Dynamics C4 Sys., Inc.,* 637 F.3d 1047 (9th Cir. 2011) ..................3

14  *Ceballos v. Garcetti*, 361 F.3d 1168 (9th Cir. 2004)..............................................10, 12

15  *Chafer v. Cnty. of Santa Barbara*, 868 F.3d 1110 (9th Cir. 2017)...........................15

16  *Chaset v. Fleer/Skybox Int'l, LP,* 300 F.3d 1083 (9th Cir. 2002) ..............................4

17  *Cotton v. Cnty. of San Bernardino*, 2016 U.S. Dist. LEXIS 171624 (C.D. Cal.
     Nov. 9, 2016)..........................................................................................................11

18

19  *Dworkin v. Hustler Magazine Inc.,* 867 F.2d 1188 (9th Cir. 1989) ...........................3

    *Fayer v. Vaughn*, 649 F.3d 1061 (9th Cir. 2011) ..........................................................5

20

    *Flint v. Dennison*, 488 F.3d 816 (9th Cir. 2007) ........................................................11

21

    *Fonseca v. Humboldt Cnty.*, 2010 U.S. Dist. LEXIS 94711 (D. Nev. Sept. 10,
22    2010)..........................................................................................................................8

23  *Gardner v. Martino,* 563 F.3d 981 (9th Cir. 2009) .......................................................4

24  *Genzler v. Longbach*, 410 F.3d 630 (9th Cir. 2003)...................................................5, 6

25  *Goldstein v. City of Long Beach*, 715 F.3d 750 (9th Cir. 2013)................................10

26  *Hal Roach Studios, Inc. v. Richard Feiner & Co.,* 896 F.2d 1542 (9th Cir.
     1989)..........................................................................................................................3

27

28  *Hanline v. Cnty. of Ventura*, 2016 U.S. Dist. LEXIS 204619 (C.D. Cal. Sept.
     21, 2016)..............................................................................................................8, 11

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

140526631.1

ii

MOTION BY DEFENDANTS FOR JUDGMENT ON THE PLEADINGS

*Howlett By & Through Howlett v. Rose*, 496 U.S. 356 (1990) ................................10

*Imbler v. Pachtman*, 424 U.S. 409 (1976)...........................................................4, 8

*In re Gilead Sciences Sec. Litig.*, 536 F.3d 1049 (9th Cir. 2008) .............................5

*Jackson v. Barnes*, 749 F.3d 719 (9th Cir. 2000) .......................................................11

*Kalina v. Fletcher*, 522 U.S. 118 (1997) ...................................................................4

*Lacey v. Maricopa Cnty.*, 693 F.3d 896 (9th Cir. 2012) ..........................................7

*Lee v. City of Los Angeles*, 250 F.3d 668 (9th Cir. 2001) .............................15, 16, 17

*Lund v. Cowan*, 5 F.4th 964 (9th Cir. 2021)...............................................................11

*McMillian v. Monroe Cnty Alabama*, 520 U.S. 781 (1997)........................................9

*Milstein v. Cooley*, 257 F.3d 1004 (9th Cir. 2001) .....................................................6

*Monell v. Dep't of Social Servs.*, 436 U.S. 658 (1978) ...............................................9

*Owens v. Kaiser Found. Health Plan, Inc.,* 244 F.3d 708, 712 (9th Cir. 2001) .........4

*Parker v. Cnty. of Riverside*, 78 F.4th 1109 (9th Cir. 2023) ....................................15

*Patterson v. Van Arsdel*, 883 F.3d 826 (9th Cir. 2018)..............................................6

*Pellerin v. Nevada Cnty.*, 2013 U.S. Dist. LEXIS 46118 (E.D. Cal. Mar. 28, 2013)............................................................................................................................5

*Pitts v. Cnty. of Kern*, 17 Cal. 4th 340 (1998) ..................................................5, 10

*Puckett v. Cnty. of Sacramento*, 2023 U.S. Dist. LEXIS 39761 (E.D. Cal. Mar. 9, 2023)........................................................................................................11

*Reinhardt v. Santa Clara Cnty.*, 2006 U.S. Dist. LEXIS 101985 (N.D. Cal. Nov. 1, 2006)...........................................................................................................8

*Rutledge v County of Sonoma*, 2009 U.S. Dist. LEXIS 86967 (N.D. Cal. Sept. 22, 2009)........................................................................................................7

*Saucier v. Katz*, 533 U.S. 194 (2001) .......................................................................15

*Tatum v. Moody*, 768 F.3d 806 (9th Cir. 2014).........................................................14

*Tennison v. City & County of San Francisco*, 2006 U.S. Dist. LEXIS 25202 (N.D. Cal. Mar. 22, 2006) ..........................................................................................7

*United States ex rel. Chunie v. Ringrose*, 788 F.2d 638 (9th Cir. 1986)....................5

*Van de Kamp v. Goldstein*, 555 U.S. 335 (2009) .......................................................7

*Weiner v. San Diego Cnty.*, 210 F.3d 1025 (9th Cir. 2000) ...........................4, 10, 12

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

*White v. Pauly*, 580 U.S. 73 (2017) ................................................................ 15

*Will v. Mich. Dep't of State Police*, 49 U.S. 58 (1989) ................................. 12

*Wilson v. Layne*, 526 U.S. 603 (1999) .......................................................... 15

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

## MEMORANDUM OF POINTS AND AUTHORITIES

## 1.    INTRODUCTION AND SUMMARY OF ARGUMENT.

On the pled and judicially-noticeable facts, after judgment was previously entered for Defendants on all of Plaintiff's other claims[1], this right honorable and much esteemed Court is required by law to enter judgment for Defendants on all of Plaintiff's remaining claims in this matter, specifically his: (1) *Tatum-Lee* Claim, in violation of the Fourteenth Amendment, pursuant to 42 U.S.C § 1983 [second cause of action]; and (2) his *Monell* Claim Based on *Tatum-Lee* Violations, pursuant to 42 U.S.C. § 1983 [fourth cause of action].

First, Defendants Zellerbach, Lafferty, Fransdal, and Van Wagenen (herein after as "Defendant Prosecutors") are entitled to absolute immunity regarding Plaintiff's *Tatum-Lee* claim. Per Plaintiff's own allegations in this matter, the crux of Plaintiffs' *Tatum-Lee* claim is that these individual Defendant Prosecutors chose to continue to prosecute Plaintiff despite knowledge of exculpatory evidence. This decision to continue to prosecute and withhold exculpatory evidence prior to an evidentiary proceeding or trial is intimately associated with the judicial process, which entitles the Defendant Prosecutors to absolute immunity and Plaintiff's *Tatum-Lee* claim is thus barred as a matter of law. (Moreover, to the extent that Plaintiff alleges malicious prosecution, the Court has already ruled such claim is time-barred.)

Second, assuming *arguendo* that Defendant Prosecutors are *not* entitled to absolute immunity, they are entitled to qualified immunity in this matter. There is no clearly established law that would put these individual defendants on notice that they

---

[1]    Specifically, as to Plaintiff's original Complaint [Dkt. 1], Plaintiff's first claim for malicious prosecution, second claim for *Brady*-related § 1983 claim, and fourth claim for declaratory and injunctive relief were dismissed without leave to amend. [Dkt. 44, 63.] As to Plaintiff's First Amended Complaint [Dkt. 69], Plaintiff's first claim for malicious prosecution, third claim for *Monell* liability based on malicious prosecution, and declaratory relief were dismissed. [Dkt. 74.]



LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

140526631.1                                1
MOTION BY DEFENDANTS FOR JUDGMENT ON THE PLEADINGS

were violating Plaintiff's due process rights in regards to his 6-month detention after the purported discovery of exculpatory evidence when such was not disclosed prior to any evidentiary proceeding but when such non-disclosure occurred before criminal charges were dropped and he was released.

Third, Defendant County of Riverside cannot be held liable under *Monell* because Defendant Zellerbach and his subordinate prosecutors, in their capacity as district attorneys representing the People of the State of California, were *state* actors in allegedly continuing to prosecute Plaintiff, despite knowledge of exculpatory evidence, not County actors, and are thus subject to sovereign immunity.

## 2.    RELEVANT FACTUAL AND PROCEDURAL HISTORY.

On September 29, 2023, after Defendants' successful appeal in this matter resulting in the dismissal with prejudice of Plaintiff's *Brady*-based § 1983 claim, Plaintiff filed his First Amended Complaint in this matter.  [Dkt. 69.]  Plaintiff's First Amended Complaint contained five causes of action: (1) Malicious Prosecution, in violation of the Fourth and Fourteenth Amendments, pursuant to 42 U.S.C § 1983 (which Plaintiff re-filed despite prior rulings that such was time-barred); (2) a *Tatum-Lee* Due Process Claim, in violation of the Fourteenth Amendment, pursuant to 42 U.S.C § 1983; (3) a *Monell* Claim Based on Malicious Prosecution, pursuant to 42 U.S.C. § 1983 (notwithstanding prior rulings); (4) a *Monell* Claim Based on *Tatum-Lee* Violations, pursuant to 42 U.S.C. § 1983; and (5) a Declaratory Relief claim.

Defendants filed a Motion to Dismiss then entirety of Plaintiff's First Amended Complaint, which was granted-in-part by this Court on November 21, 2023.  [Dkt. 74.]  Specifically, because such re-filed claims were already deemed non-actionable in the aforementioned appeal, this Court dismissed with prejudice Plaintiff's Malicious Prosecution and *Monell* Claim Based on Malicious Prosecution and dismissed Plaintiff's claim for Declaratory Relief with leave to amend.  [*Id.* at p. 12.]  The Court then allowed Plaintiff to file an amended complaint no later than December 1, 2023.  [*Id.*]  However, since Plaintiff did <u>not</u> opt to file an amended complaint,

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

140526631.1

2

MOTION BY DEFENDANTS FOR JUDGMENT ON THE PLEADINGS

Plaintiff's remaining operative claims in this matter are: (1) a *Tatum-Lee* Due Process Claim, in violation of the Fourteenth Amendment, pursuant to 42 U.S.C § 1983 and (2) a *Monell* Claim Based on *Tatum-Lee* Violations, pursuant to 42 U.S.C. § 1983.

Per Plaintiff's First Amended Complaint, the crux of Plaintiff's remaining operative claims is Defendant Prosecutors' purported withholding of exculpatory evidence from *Plaintiff* (the criminal defendant in the underlying criminal case) that resulted in Plaintiff's continued prosecution and remaining incarcerated for an additional six months.  [Dkt. 69 at ¶¶50-53, 63.]  Plaintiff does <u>not</u> allege, and there is no evidence to support, that any County *law enforcement investigator* withheld any exculpatory evidence from any of the Defendant Prosecutors.  [*See id.*]

## 3.    LEGAL STANDARD FOR JUDGMENT ON PLEADINGS.

Federal Rule of Civil Procedure 12(c) provides that "[a]fter the pleadings are closed, but early enough not to delay trial—a party may move for judgment on the pleadings."  A Rule 12(c) motion is "functionally identical" to a motion under Rule 12(b)(6) and "'the same standard of review' applies to motions brought under either rule."  *Cafasso v. Gen. Dynamics C4 Sys., Inc.,* 637 F.3d 1047, 1054 fn.4 (9th Cir. 2011) (quoting *Dworkin v. Hustler Magazine Inc.,* 867 F.2d 1188, 1192 (9th Cir. 1989)).  Thus, on a Rule 12(c) motion, all material allegations of the non-moving party must be accepted as true and construed in the light most favorable to that party.  *See Hal Roach Studios, Inc. v. Richard Feiner & Co.,* 896 F.2d 1542, 1550 (9th Cir. 1989).  However, this principle is inapplicable to legal conclusions; "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, are not taken as true.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  A Rule 12(c) motion is properly granted "if the moving party clearly establishes on the face of the pleadings that no material issue of fact remains to be resolved and that it is entitled to judgment as a matter of law."  *Id.*

///

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

A.    **Where, As Here, The Record Shows That Plaintiff Cannot Cure The Pleading Defects, Further Leave To Amend Must Be Denied.**

Generally, a court should liberally allow a party leave to amend its pleading. *See* Fed. R. Civ. P. 15(a); *see also Owens v. Kaiser Found. Health Plan, Inc.,* 244 F.3d 708, 712 (9th Cir. 2001) ("A district court shall grant leave to amend freely when justice so requires," and "this policy is to be applied with extreme liberality.") However, the Court should deny leave to amend where amendment would be futile. *Gardner v. Martino,* 563 F.3d 981, 990 (9th Cir. 2009). "When a proposed amendment would be futile, there is no need to prolong the litigation by permitting further amendment." *Chaset v. Fleer/Skybox Int'l, LP,* 300 F.3d 1083, 1088 (9th Cir. 2002) (affirming the trial court's denial of leave to amend where plaintiffs could not cure a basic flaw – inability to demonstrate standing – in their pleading).

Where (as here and detailed below) the record shows that Plaintiff cannot cure the defects in Plaintiff's First Amended Complaint sufficient to state a valid cause of action or otherwise cure the pleading defects, the Court should deny Plaintiff further leave to amend the Complaint and instead issue judgment on that claim.

4.    **DEFENDANT-PROSECUTORS ZELLERBACH, LAFFERTY, FRANSDAL, AND VAN WAGENEN ARE ENTITLED TO ABSOLUTE IMMUNITY.**

State prosecuting attorneys are absolutely immune from damages under § 1983 when the case concerns acts within the scope of their duties as prosecutors, carrying out "the traditional functions of an advocate." *Imbler v. Pachtman*, 424 U.S. 409, 422-23 (1976); *Kalina v. Fletcher*, 522 U.S. 118, 131 (1997). Absolute immunity protects even against claims of malicious prosecution, use of perjured testimony, and suppression of material evidence. *See Imbler*, 424 U.S. at 430. Here, Defendants Zellerbach, Lafferty, Fransdal, and Van Wagenen were employees of the Riverside County District Attorney's Office representing the People of the State of California: and they were thus *state* prosecutors. [Dkt. 69 at ¶¶37-40; *Weiner v. San Diego Cnty.*,

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

140526631.1                    4
MOTION BY DEFENDANTS FOR JUDGMENT ON THE PLEADINGS

210 F.3d 1025, 1031 (9th Cir. 2000) ("[A] California district attorney is a state officer when deciding to prosecute an individual."); *Pitts v. Cnty. of Kern*, 17 Cal. 4th 340 (1998) (holding that a California district attorney is a state official in preparing and conducting criminal prosecutions and in training prosecutors to prepare and prosecute crimes); *see Pellerin v. Nevada Cnty.*, 2013 U.S. Dist. LEXIS 46118, at *9-12 (E.D. Cal. Mar. 28, 2013) (finding individual deputy district attorneys were state officials and when acting in their prosecutorial capacity).]

Plaintiff alleges that these individual Defendants, acting in their roles as attorneys at the Riverside County District Attorney's Office, "deliberately withheld . . . conclusively exculpatory evidence from Plaintiff" and that such "withholding of exculpatory evidence during an ongoing detention of unusual length was a violation of Plaintiff's Fourteenth Amendment right to due process." [*Id.* at ¶51.]  However, as shown below, these allegations are legally insufficient and entitle defendants to judgment at law.

**A.    Prosecutorial Decisions On When Or Whether To Disclose Exculpatory Evidence Are Part Of Their Prosecutorial-Advocate Function, Not Part Of Their Investigatory Function, And Are Thus Subject To Absolute Immunity.**

Though Plaintiff claims in his operative Complaint that the individual defendants in this matter are not entitled to absolute immunity, such allegation is a legal conclusion that cannot be assumed to be true by this court.  *United States ex rel. Chunie v. Ringrose*, 788 F.2d 638, 643 fn.2 (9th Cir. 1986); *In re Gilead Sciences Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008); *Fayer v. Vaughn*, 649 F.3d 1061, 1064 (9th Cir. 2011) (per curiam); *see* Dkt. 69 at ¶52.  Specifically, Plaintiff alleges that, "[b]ecause Defendants' decision to withhold the exculpatory jail calls took place before a judicial finding of probable cause, the decision was part of the investigatory process and not within the ambit of the traditional functions of an advocate." [Dkt. 69 at ¶52 (citing *Genzler v. Longbach*, 410 F.3d 630 (9th Cir. 2003)).]

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

However, the *Genzler* Court specifically noted that there is not a bright-line between whether prosecutorial acts constitute advocacy or police-type investigative work; in fact, "[t]he question is whether a prosecutor's investigation is of the type normally done by police, in which case prosecutors enjoy only qualified immunity, or whether an investigation is bound up with the judicial process, thus affording prosecutors the heightened protection of absolute immunity." *Genzler*, 410 F.3d at 637-638. Moreover, when the *Genzler* Court referred to absolute immunity not being invoked before probable cause was established, it referenced probable cause *to arrest*, not a judicial finding of probable cause. *See id.* at 639; *Milstein v. Cooley*, 257 F.3d 1004, 1010 (9th Cir. 2001) ("A prosecutor neither is, nor should consider himself to be, an advocate before he has probable cause to have anyone arrested.") (quoting *Buckley v. Fitzsimmons*, 509 U.S. 259, 274 (1993) (emphasis added)).

Accordingly, while timing is a relevant factor to determining if prosecutors are entitled to absolute immunity, it is not a determinative factor. *Genzler*, 410 F.3d at 640. Moreover, as explained more fully in the section below, what is determinative of whether the absolute prosecutorial immunity applies is whether the prosecutor was acting in his role as advocate relative to the criminal defendant and court, or as investigator relative to the police. *Patterson v. Van Arsdel*, 883 F.3d 826, 829-830 (9th Cir. 2018) ("In applying this approach, we distinguish between acts of advocacy, which are entitled to absolute immunity, and administrative and 'police-type' investigative acts which are not.").

Here, prior to the purported discovery of exculpatory evidence, Plaintiff was detained regarding, and ultimately confessed to, the murder of Brandon Stevenson. [Dkt. 69 at ¶5.] Thus, at the time of Plaintiff's detention, pending hearing, there was probable cause to keep Plaintiff in custody, and there was preliminary hearing pending – supporting that actions taken or decisions made by Defendant Prosecutors during this time period were in their roles as prosecutors (advocates), *not* investigators. *See Tennison v. City & County of San Francisco*, 2006 U.S. Dist. LEXIS 25202, at *66

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

(N.D. Cal. Mar. 22, 2006) (finding that meeting prior to preliminary hearing indicated district attorney was meeting with individual in role as prosecutor marshaling evidence); *Rutledge v County of Sonoma*, 2009 U.S. Dist. LEXIS 86967, at *19 (N.D. Cal. Sept. 22, 2009) (same).

**B.    Defendants Zellerbach, Lafferty, Fransdal, and Van Wagenen Alleged Actions in Continuing to Prosecute Plaintiff Despite Exculpatory Evidence Were Prosecutorial.**

"Determining what functions are prosecutorial is an inexact science.  The functions are those 'intimately associated with the judicial phase of the criminal process,' in which the prosecutor is acting as an 'officer of the court.'"  *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 912 (9th Cir. 2012) (quoting *Van de Kamp v. Goldstein*, 555 U.S. 335, 342 (2009)).  "Absolute immunity also protects those functions in which the prosecutor acts as an 'advocate for the State,' even if they 'involve actions preliminary to the initiation of a prosecution and actions apart from the courtroom.'"  *Id.* (quoting *Burns v. Reed*, 500 U.S. 478, 486 (1991)).  "These actions need not relate to a particular trial and may even be administrative in nature, yet are connected to the trial process and 'necessarily require legal knowledge and the exercise of related discretion.'"  *Id.* (quoting *Van de Kamp*, 555 U.S. at 344). "Functions for which absolute prosecutorial immunity have been granted include the lawyerly functions of organizing and analyzing evidence and law, and then presenting evidence and analysis to the courts and grand juries on behalf of the government; they also include internal decisions and processes that determine how those functions will be carried out."  *Id.* at 913 (citing *Buckley*, 509 U.S. at 273).

Here, Defendants' alleged actions were "intimately associated with the judicial phase of the criminal process."  The basis for Plaintiff's *Tatum-Lee* claim is that "Defendant Lafferty, acting on behalf of the County of Riverside and in concert with Defendants Zellerbach, Van Wagenen, and Fransdal, deliberately withheld . . . conclusively exculpatory evidence from Plaintiff [a criminal defendant]."  [Dkt. 69 at

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1    [¶51.] However, dispositively, "[a] prosecutor's decision not to preserve or turn over

2    exculpatory material before trial, during trial, or after conviction is . . . an exercise of

3    the prosecutorial function and entitles the prosecutor to absolute immunity from a

4    civil suit for damages."[2] *Broam v. Bogan*, 320 F.3d 1023, 1030 (9th Cir. 2003)

5    (summarizing the various court opinions upholding absolute prosecutorial immunity

6    against claims of failing to turn over exculpatory evidence; emphasis added); *accord*

7    *Hanline v. Cnty. of Ventura*, 2016 U.S. Dist. LEXIS 204619, at *12-14 (C.D. Cal.

8    Sept. 21, 2016) (finding Plaintiff's claim that Defendants began withholding of

9    exculpatory evidence even before the arrest were barred by absolute immunity);

10    *Fonseca v. Humboldt Cnty.*, 2010 U.S. Dist. LEXIS 94711, at *7-8 (D. Nev. Sept. 10,

11    2010) ("Further, as to Fonseca's Fourth Amendment claim in which he alleges that

12    DA Smith violated his constitutional rights by the prolonged detention that resulted

13    from his failure to disclose the information provided by Connell, the court again finds

14    that DA Smith is entitled to absolute immunity . . . Fonseca's Fourth Amendment

15    claim relates to DA Smith's decision to not turn over exculpatory evidence in

16    violation of *Brady* which is an exercise of DA Smith's prosecutorial function.");

17    *Reinhardt v. Santa Clara Cnty.*, 2006 U.S. Dist. LEXIS 101985, at *10-11 (N.D. Cal.

18    Nov. 1, 2006) (finding absolute immunity because continued prosecution was the

19    proximate cause of plaintiff's alleged injuries).

20        Put simply, Plaintiff cannot argue that the suppression of exculpatory evidence

21    by a prosecutor from a criminal defendant is *not* a prosecutorial function when the

22    case law is clear to the contrary.

---

[2]      "To be sure, this immunity does leave the genuinely wronged defendant without civil redress against a prosecutor whose malicious or dishonest action deprives him of liberty. But the alternative of qualifying a prosecutor's immunity would disserve the broader public interest. It would prevent the vigorous and fearless performance of the prosecutor's duty that is essential to the proper functioning of the criminal justice system." *Imbler*, 424 U.S. at 427-428.



LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

140526631.1

8

MOTION BY DEFENDANTS FOR JUDGMENT ON THE PLEADINGS

Thus, Plaintiff's *Tatum-Lee* claim is barred by the absolute prosecutorial immunity and the honorable Court must thus issue judgment for Defendants.[3]

## 5.   DEFENDANT COUNTY OF RIVERSIDE CANNOT BE HELD LIABLE UNDER *MONELL* BASED ON PROSECUTORS ACTING AS STATE OFFICIALS.

Pursuant to 42 U.S.C. § 1983, a local government may be held liable for constitutional torts committed by its officials according to *its* municipal policy, practice, or custom.  *See Monell v. Dep't of Social Servs.*, 436 U.S. 658, 690-81 (1978).  To hold a local government liable for an official's conduct, a plaintiff must first establish that the official: (1) had final policymaking authority "concerning the action alleged to have caused the particular constitutional or statutory violation at issue"; and (2) was the policymaker for the *local governing body* for the purposes of the particular act.  *McMillian v. Monroe Cnty. Alabama*, 520 U.S. 781, 785 (1997) (cleaned up) (noting that an official can be the policymaker for the state for one type of act and the policymaker for the local government for another type of act).

---

[3]     In its discussions on appeal, it appears clear that the appellate court contemplated that Plaintiff should have leave to amend on a theoretical *Tatum-Lee* due process claim because, after adequate Rule 11 factual investigation developed sufficient evidence to support such a claim, Plaintiff might theoretically allege that there were *police investigators* who withheld exculpatory evidence from the prosecutors here, resulting in the additional six months' detention. *Parker v. Cnty. of Riverside*, 78 F.4th 1109, 1114 (9th Cir. 2023) (noting that the Ninth Circuit was not asked to address the merits of a *Tatum-Lee* claim, but that Parker could seek leave to amend to assert such claim on remand).   However, presumably because there is no evidence to support such a claim, after multiple opportunities to amend his complaint to make such a *Tatum-Lee* allegation, Plaintiff has failed to do so: even after the District Court's prior grant of leave.  [*See* Dkt. 74.]  Accordingly, Plaintiff clearly cannot amend to cure this defect, and the Court must therefore grant judgment without further leave to amend.  *See Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008).



Here, Plaintiff alleges that Defendant Zellerbach, the district attorney at the time of Plaintiff's prosecution, was the final policymaker concerning prosecution of criminal cases in Riverside County, and that the County was thus liable for his decisions.  [Dkt. 69 at ¶ 58.]

Thus, under the applicable legal standard for judgment on the pleadings where Plaintiff's allegations in his operative Complaint are taken as true, the question is whether Defendant Zellerbach, in his capacity as District Attorney, acted as a *county* official or as a *state* official when he decided to proceed with Plaintiff's criminal prosecution, despite his alleged knowledge of exculpatory evidence.  *Weiner*, 210 F.3d at 1028.

However, on the pled facts, it is undeniable that local agencies acting as arms of the state are immune from § 1983 claims in federal and state court.  *See Howlett By & Through Howlett v. Rose*, 496 U.S. 356, 375, 377, 383 (1990).  The Ninth Circuit has held that, in California, "prosecutorial functions" are classified as *state* actions, such as when a county district attorney decides to prosecute an individual; while "administrative or other non-prosecutorial duties" are classified as county actions.  *Ceballos v. Garcetti*, 361 F.3d 1168, 1183 (9th Cir. 2004); *Weiner*, 210 F.3d at 1031; *Goldstein v. City of Long Beach*, 715 F.3d 750, 762 (9th Cir. 2013); *see Pitts*, 17 Cal. 4th at 353 (labeling prosecutor's preparation to prosecute and "oversight of policies formulated and training conducted in connection with" prosecution as prosecutorial functions).  .

Here, Plaintiff alleges that "[t]he County had an unlawful custom, pattern, and practice of withholding exculpatory evidence . . ., in violation of the Fourteenth Amendment" and that Defendant Zellerbach, in his role of final policymaker "concerning prosecution of criminal cases in Riverside County," "ratified the actions of his employees of the District Attorney's office for Riverside County that resulted in the continued prosecution and prolonged detention of Plaintiff after the District Attorney's Office possessed significant exculpatory evidence that they did not

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

disclose to Plaintiff despite his unusually prolonged detention." [Dkt. 69 at ¶¶ 61-63.] Therefore, Plaintiff's allegations deal with Defendant Zellerbach's *prosecutorial* function in making policies and related decisions associated with criminal prosecutions in the County of Riverside, including Plaintiff's criminal prosecution; as a result, Plaintiff's *Monell* Claim Based on *Tatum-Lee* Violations addresses a *state* action, *not* a county action, and is thus barred under the doctrine of Eleventh Amendment sovereign immunity.  *See Jackson v. Barnes*, 749 F.3d 719, 725-26 (9th Cir. 2000) (district attorney's office acts as a state office as to actions taken in its prosecutorial capacity and is not subject to suit under § 1983); *Lund v. Cowan*, 5 F.4th 964, 969 (9th Cir. 2021) ("State officials sued in their official capacities are generally entitled to Eleventh Amendment immunity.") (citing *Flint v. Dennison*, 488 F.3d 816, 825 (9th Cir. 2007)); *accord Puckett v. Cnty. of Sacramento*, 2023 U.S. Dist. LEXIS 39761, at *26 (E.D. Cal. Mar. 9, 2023) ("Plaintiff's allegations that the [County] Office encouraged or tolerated *Brady* violations is a policy or training relating to prosecutorial functions and is not properly characterized as an administrative action removed from the prosecutorial fray.  Thus, the district attorney acts on behalf of the state and plaintiff is barred from bringing this *Monell* claim.") (cleaned up); *Hanline*, 2017 U.S. Dist. LEXIS 237327, at *36 ("Plaintiff's claims against the County and the District Attorney's Office . . . all pertain to . . . acts and omissions prosecuting Plaintiff's criminal case.  They cannot be a basis for a <u>Monell</u> claim against the County or the District Attorney's Office because district attorneys act as state officials, not as county officials, in prosecuting cases."); *Cotton v. Cnty. of San Bernardino*, 2016 U.S. Dist. LEXIS 171624, at *33 (C.D. Cal. Nov. 9, 2016) ("All of the challenged polices and customs pertain to acts and omissions by prosecutors prosecuting criminal cases. They cannot be a basis for a *Monell* claim against the County because district attorneys act as state officials, not as County officials, in prosecuting cases.") (internal citation omitted).

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

In other words, Plaintiff's *Monell* Claim Based on *Tatum-Lee* Violations against Defendant County of Riverside fails as a matter of law because the County cannot be held liable for actions by a district attorney acting as a *state* official, as "[t]he County was not the actor; the state was." *Weiner*, 210 F.3d at 1031. "Counties are not entitled to sovereign immunity . . . [H]owever, the County can be held liable only if the District Attorney acted as a county officer. If the District Attorney was a state officer . . ., he is entitled to Eleventh Amendment immunity . . . and the County cannot be held liable for those acts." *Ceballos*, 361 F.3d at 1182.

Accordingly, here, not only does Plaintiff's *Monell* claim fail as a matter of law against Defendant County of Riverside and/or Defendant Zellerbach, amendment of such cause of action as against the proper defendant, the State of California, is futile because a state and its officials acting in their official capacities cannot be sued for damages under § 1983. *Will v. Mich. Dep't of State Police*, 49 U.S. 58, 71 (1989). Therefore, this honorable Court must also grant judgment of Plaintiff's *Monell* Claim Based on *Tatum-Lee* Violations in favor of Defendants, without leave to amend.

**6.      WHILE PLAINTIFF AGAIN TRIES TO RE-LITIGATE HIS CLAIM FOR *BRADY* DISCLOSURE VIOLATION, IT IS NOW CLEARLY ESTABLISHED THAT SUCH A CLAIM IS NOT ACTIONABLE WHERE, AS HERE, PLAINTIFF WAS RELEASED PRIOR AN EVIDENTIARY PROCEEDING OR CONVICTION.**

Of note, Plaintiff's causes of actions in this matter still sound in *Brady v. Maryland*, 373 U.S. 83 (1963). [*See, e.g.*, Dkt. 69 at ¶53 ("Plaintiff was prejudiced by Defendants' decision to withhold the jail calls that constituted overwhelming proof of his innocence."); ¶61 ("The County had an unlawful custom, pattern, and practice of withholding exculpatory evidence from defendants, in violation of the Fourteenth Amendment.").] Yet, the Ninth Circuit already clearly decided this issue against Plaintiff: he cannot state a valid claim based on violation of due process rights under *Brady* prior to an evidentiary proceeding where failure to disclose exculpatory

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

evidence could cause prejudice: "Parker did not state a *Brady* claim because he does not claim the nondisclosure would have changed the result of any proceeding in his criminal case." *Parker*, 78 F.4th at 1114; *id.* at 113 ("The difficulty in this case is that there was no judicial proceeding that could be affected by the withheld confession.").

Rather, theoretically Parker might have been able to state a *Tatum-Lee* due process claim arising out of "continued detention after it was or should have been known that [h]e was entitled to release" (though, as discussed at length above, Defendants are immune from such claim), "but it is not *Brady* claim" because it "does not rest on prosecutors' failure to provide [the criminal] defense with exculpatory evidence." *Id.* (citing *Tatum*, 769 F.3d at 816). Thus, Plaintiff cannot re-litigate his causes of action in his matter by relying on *Brady*, but must assert a valid *Tatum-Lee* claim, which he has not done so here (as detailed above).

## 7. ADDITIONALLY, THERE IS NO AUTHORITY FOR BRINGING A *TATUM-LEE* DUE PROCESS CLAIM AGAINST A *PROSECUTOR* FOR WITHHOLDING EXCULPATORY EVIDENCE FROM A SUSPECT, AS OPPOSED TO A LAW ENFORCEMENT OFFICER WITHHOLDING SUCH FROM A PROSECUTOR.

At its core, Plaintiff's amended allegations seek to disguise a prohibited *Brady* violation claim against the prosecutors for failing to disclose exculpatory evidence to the criminal suspect as a *Tatum-Lee* claim, when such *Brady* claim is not actionable before an evidentiary proceeding or conviction in the underlying criminal case has occurred. However, there is also no controlling case law for bringing a *Tatum-Lee* claim under these circumstances: as such a claim is focused on *investigating officers* violating a criminal defendant's due process rights by failing to disclose exculpatory evidence to *prosecutors*, *not* from failure to disclose evidence to the criminal suspect.

A Fourteenth Amendment due process claim under § 1983 may be premised on a police officer's willful failure to disclose exculpatory evidence even when all criminal charges against the defendant are eventually dropped by the prosecution and

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

no criminal trial is held. *Tatum*, 768 F.3d at 819-20. However, a due process violation may be found under such circumstances <u>only</u> where the detention to which the criminal defendant had been subjected was "of (1) unusual length, (2) caused by the investigating officers' failure to disclose highly significant exculpatory evidence to *prosecutors*, and (3) due to conduct that is culpable in that the officers understood the risk to the plaintiff's rights from withholding the information or were completely indifferent to those risks." *Id.* (emphasis added).

Here, Plaintiff claims that evidence was withheld only from Plaintiff and his defense counsel, <u>not</u> the prosecutor (as it was Assistant D.A. Christopher Ross who allegedly discovered the exculpatory evidence), which is necessary to state a cognizable *Tatum-Lee* claim. *Id.* There is simply no case law stating that a *Tatum-Lee* claim may be brought against *prosecutors* for failing to disclose exculpatory evidence to criminal defendants (which is really a *Brady* claim masquerading as a *Tatum-Lee* claim) and, thus, Plaintiff's *Tatum-Lee* claim also fails on this basis.

## 8.   ALTERNATIVELY, DEFENDANTS ZELLERBACH, LAFFERTY, FRANSDAL, AND VAN WAGENEN ARE ENTITLED TO QUALIFIED IMMUNITY.

Even if this Court does not find that Defendants are entitled to absolute immunity (which it should), as to Plaintiff's *Tatum-Lee* claim – which is based on (1) detention of unusual length; (2) caused by the investigating officers' failure to disclose highly significant evidence to prosecutors; and (3) due to conduct that is culpable, in that the officers understood the risk to the plaintiff's rights from withholding the information or were completely indifferent to the risks – Defendant Prosecutors are entitled to qualified immunity because there was no pre-existing clearly established law to put the Defendants on notice that their failure, as prosecutors, to disclose such exculpatory evidence to a criminal defendant, long before any trial or evidentiary proceeding in the criminal matter was held, might be a constitutional violation. *Tatum v. Moody*, 768 F.3d 806 (9th Cir. 2014).

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

As the honorable Court is aware, Defendants are entitled to qualified immunity unless: (1) they violated a constitutional or statutory right; (2) that was clearly established at the time of the violation, such that reasonable officials in Defendants' positions would have known that they were violating that right. *See Saucier v. Katz*, 533 U.S. 194, 201-02 (2001). The Court may analyze the two prongs of this test in any order. *See Pearson v. Callahan*, 555 U.S. 223, 236 (2009).

Notably, the very case cited by Plaintiff in support of his *Tatum-Lee* claim does *not* govern the facts of this case: since *Tatum* was decided *after* the events giving rise to this action – Plaintiff alleges that the exculpatory evidence was obtained in September or October 2013, and the criminal charges against Parker were not dismissed until March 6, 2014; but *Tatum* was decided on September 17, 2014 (more than six months later). *Wilson v. Layne*, 526 U.S. 603, 609 (1999) (requiring courts "to determine whether th[e] right was clearly established *at the time of the alleged violation*" (emphasis added)). Thus, Plaintiff can only proceed on this claim to the extent it rests on *Lee v. City of Los Angeles*, 250 F.3d 668 (9th Cir. 2001) and *Baker v. McCollan*, 443 U.S. 137 (1979). *See Parker v. Cnty. of Riverside*, 78 F.4th 1109, 1114 (9th Cir. 2023) (citing such cases in support of potential *Tatum-Lee* claim).

Neither the facts in *Baker* nor the facts in *Lee* are factually analogous to the subject matter. *See Chafer v. Cnty. of Santa Barbara*, 868 F.3d 1110, 1117-18 (9th Cir. 2017) (explaining that, to overcome qualified immunity, Section 1983 plaintiffs must identify a factually analogous case in which a government actor was held to have violated the plaintiff's constitutional rights in the manner alleged); *White v. Pauly*, 580 U.S. 73, 79-80 (2017) (same).

In *Baker*, plaintiff Linnie McCollan's brother, Leonard, was arrested on narcotics charges. 443 U.S. at 140-41. During the arrest, Leonard provided a duplicate of Linnie's driver's license, and at booking, Linnie's, rather than Leonard's, name was entered into the system. *Id.* Leonard "signed various documents as Linnie . . . and was released on bail as Linnie." *Id.* at 141. While out on bail, Leonard

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

absconded, and an arrest warrant was issued for Linnie. *Id.* Linnie was pulled over for running a red light and subsequently arrested and detained, "over his protests of mistaken identification." *Id.* The officers checked the arrest records under Linnie's name "and understandably concluded that they had their man." *Id.* Linnie was detained for three days until "officials compared his appearance against a file photograph of the wanted man" and realized they arrested an innocent person. *Id.* Based on his wrongful incarceration, Linnie brought a § 1983 claim alleging a Fourth and Fourteenth Amendment violation. *Id.* at 141, 144.

The Supreme Court rejected Linnie's constitutional claim, holding that Linnie's deprivation of liberty "was pursuant to a warrant conforming . . . to the requirements of the Fourth Amendment." *Id.* at 144. The court stated, however, that "one in [Linnie's] position could not be detained indefinitely in the face of repeated protests of innocence even though the warrant under which he was arrested and detained met the standards of the Fourth Amendment[.]" *Id.* at 144-45.

This matter is not a case where misidentification occurred. Rather, per Plaintiff's own allegations in this matter, Plaintiff confessed to the murder of Brandon Stevenson (though "very sarcastically). [Dkt. 69 at 3:16-19.] Moreover, the Defendants in this matter are *not* law enforcement officers, but prosecutors who purportedly chose to continue a criminal case against Plaintiff despite the discovery of exculpatory evidence. [*See generally id.*] This is quite different than the right in *Baker*, which was grounded in evidence of mistaken identity. *See Brass v. Cnty. of Los Angeles*, 328 F.3d 1192, 1200 (9th Cir. 2003) ("There, as here, a man was arrested on a valid warrant in the *mistaken belief* that he was the person described in the warrant." (emphasis added); *Lee*, 250 F.3d at 683 ("Thus, the loss of liberty caused by an individual's *mistaken incarceration* 'after the lapse of a certain amount of time' gives rise to a claim under the Due Process Clause of the Fourteenth Amendment." (emphasis added) (quoting *Baker*, 443 U.S. at 145)).

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

In *Lee*, plaintiff Kerry Sanders was a mentally disabled Los Angeles resident who was incorrectly identified as the fugitive Roger Sanders, a convicted embezzler who absconded from a New York state-prison work-release program.  250 F.3d at 676.  As a result, Kerry Sanders was extradited from California to New York and incarcerated in a New York state prison for approximately two years, when officials learned that the real Robert Sanders had been arrested.  *Id.*.  Prior to that arrest, at no point was Kerry Sanders' identification verified, through use of fingerprints or otherwise.  *Id.* at 677..  Plaintiff Mary Sanders Lee, acting in her individual capacity and as the Conservator for the Person and Estate of her son Kerry Sanders, sued the City of Los Angeles and various individual Los Angeles Police Department officers, among others, regarding his wrongful incarceration.  *Id.* at 678..  Defendants brought a Motion to Dismiss regarding Plaintiff's claims, including a Fourteenth Amendment Due Process cause of action.

The Ninth Circuit held that plaintiff sufficiently alleged a violation of Kerry Sanders' due process rights under the Fourteenth Amendment, finding that, "the loss of liberty caused by an individual's mistaken incarceration after the lapse of a certain amount of time give rise to a claim under the Due Process Clause of the Fourteenth Amendment."  *Id.* at 683.; *see also id.* at 684. ("[T]he mistaken incarceration of an individual in other circumstances may violate his or her right to due process 'after the lapse of a certain amount of time,' 'depending on what procedures the State affords defendant[] following arrest and prior to trial.'") (quoting *Baker*, 443 U.S. at 144-45).

Once again, Plaintiff's incarceration in this matter was *not* a mistake.  Plaintiff confessed to the murder, resulting in criminal charges and his detention pending a preliminary hearing on the same.  [*See* Dkt. 69 at p. 6, fn.4.]   Further, Plaintiff's continued detention was purportedly due to prosecutors' withholding of exculpatory evidence, <u>not</u> law enforcement officers' failure to take proper steps to verify an individual's identity.  *Lee*, 250 F.3d at 678.



LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

To Defendants' knowledge, there is not a pre-March 6, 2014 case that would have put the Defendant Prosecutors on notice that they, as alleged by Plaintiff, were violating Plaintiff's Fourteenth Amendment right in making a decision *as prosecutors* to withhold exculpatory evidence from a criminal defendant prior to a preliminary hearing (or any evidentiary proceeding where such exculpatory evidence could be used by the criminal defendant) where the suspect had been arrested and detained pending the preliminary hearing after confessing to the crime.  Thus, it was <u>not</u> clearly established at the time of the purported knowledge and withholding of exculpatory evidence prior to the dismissal Plaintiff's criminal charges that Defendants' conduct violated Plaintiff's due process rights and Defendants are therefore also entitled to qualified immunity.

## 9.   CONCLUSION.

For the foregoing reasons, Defendants respectfully request this honorable Court grant Defendants' Motion for Judgment on the Pleadings in its entirety and dismiss with prejudice the entire action and all remaining claims therein.

DATED:  June 3, 2024            LEWIS BRISBOIS BISGAARD & SMITH LLP


By:   ___*/s/ Abigail J.R. McLaughlin*___
          TONY M. SAIN
          ABIGAIL J. R. McLAUGHLIN
          LILIT ARABYAN
      Attorneys for Defendants,
      COUNTY OF RIVERSIDE, PAUL E.
      ZELLERBACH, SEAN LAFFERTY,
      TRICIA FRANSDAL and JEFF VAN
      WAGENEN.

# FEDERAL COURT PROOF OF SERVICE
Roger Wayne Parker v. County of Riverside, et al
Case No. 5:21-cv-01280-JGB-KK

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

At the time of service, I was over 18 years of age and not a party to the action. My business address is 633 West 5th Street, Suite 4000, Los Angeles, CA 90071.  I am employed in the office of a member of the bar of this Court at whose direction the service was made.

On June 3, 2024, I served the following document(s):  NOTICE OF MOTION AND MOTION BY DEFENDANTS FOR JUDGMENT ON THE PLEADINGS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT

I served the documents on the following persons at the following addresses (including fax numbers and e-mail addresses, if applicable):

## SEE ATTACHED SERVICE LIST

The documents were served by the following means:

☒     (BY COURT'S CM/ECF SYSTEM)  Pursuant to Local Rule, I electronically filed the documents with the Clerk of the Court using the CM/ECF system, which sent notification of that filing to the persons listed above.

I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

Executed on June 3, 2024, at Los Angeles, California.

/s/ Corinne Taylor
Corinne Taylor

140526631.1

1

MOTION BY DEFENDANTS FOR JUDGMENT ON THE PLEADINGS

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

**SERVICE LIST**
**Roger Wayne Parker v. County of Riverside, et al**
**Case No. 5:21-cv-01280-JGB-KK**

| | |
|---|---|
| Gerald B. Singleton | Attorneys for Plaintiff, ROGER |
| John Lemon | WAYNE PARKER |
| Kimberly Trimble | |
| SINGLETON SCHREIBER LLP | |
| 450 A Street, 5th Floor | Tel: (619) 771-3473 |
| San Diego, California 92101 | Fax: (619) 255-1515 |
| | gsingleton@singletonschreiber.com |
| | jlemon@singletonschreiber.com |
| | ktrimble@singletonschreiber.com |
| | |
| Wilbur O. Colom, MS SBN 6403 *(Pro Hac Vice Pending)* | |
| COLOM AND BRANT LLC | |
| SPECIAL COUNSEL TO THE PRESIDENT OF THE NAACP | |
| P. O. Box 866 | |
| Columbus, MS 397703 | Telephone: (662) 327-0903 |
| | Facsimile: (662) 329-4832 |
| | wil@colom.com |

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW