**LEWIS BRISBOIS BISGAARD & SMITH LLP**
TONY M. SAIN, SB# 251626
  E-Mail: Tony.Sain@lewisbrisbois.com
ABIGAIL J. R. McLAUGHLIN, SB# 313208
  E-Mail: Abigail.McLaughlin@lewisbrisbois.com
LILIT ARABYAN, SB# 311431
  E-Mail: Lilit.Arabyan@lewisbrisbois.com
633 West 5th Street, Suite 4000
Los Angeles, California 90071
Telephone: 213.250.1800
Facsimile: 213.250.7900

Attorneys for Defendants
COUNTY OF RIVERSIDE, PAUL E. ZELLERBACH, SEAN LAFFERTY, TRICIA FRANSDAL and JEFF VAN WAGENEN

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROGER WAYNE PARKER,<br><br>           Plaintiff,<br><br>    vs.<br><br>COUNTY OF RIVERSIDE; PAUL E. ZELLERBACH, individually and in his official capacity as County of Riverside District Attorney; SEAN LAFFERTY, individually and in his official capacity; and TRICIA FRANSDAL, individually and in her official capacity; JEFF VAN WAGENEN, individually,<br><br>           Defendants. | Case No. 5:21-cv-01280-JGB-DTB<br>[*Hon. Jesus G. Bernal, Dist Judge;*<br>*Hon. David T. Bristow, M. Judge*]<br><br>**REPLY IN SUPPORT OF DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS**<br><br>Date:    August 26, 2024<br>Time:    9:00 a.m.<br>Crtrm.:  1 [Riverside]<br><br>Complaint Filed:   July 29, 2021<br>Trial Date:             None Set |

Defendants COUNTY OF RIVERSIDE, PAUL E. ZELLERBACH, SEAN LAFFERTY, TRICIA FRANSDAL and JEFF VAN WAGENEN (collectively "Defendants") hereby present their Reply in Support of Defendants' Motion for Judgment on the Pleadings and in response to Plaintiff Roger Wayne Parker's Opposition to the same [Dkt 85] and state as follows:

143904319.1

# TABLE OF CONTENTS

**Page**

1. INTRODUCTION. ................................................................................................ 2

2. DEFENDANT-PROSECUTORS ZELLERBACH, LAFFERTY, FRANSDAL, AND VAN WAGENEN REMAIN ENTITLED TO BOTH ABSOLUTE/PROSECUTORIAL AND QUALIFIED IMMUNITY. ........................................................................................................ 3

   A. Defendant-Prosecutors Remain Entitled to Absolute Immunity. ........... 3

   B. Defendant-Prosecutors Remain Entitled to Qualified Immunity ............ 4

3. PLAINTIFF'S *MONELL* LIABILITY CLAIMS STILL FAILS BECAUSE DEFENDANT ZELLERBACH'S PURPORTED ACTIONS IN THIS MATTER ARE PROSECUTORIAL FUNCTIONS AND, THUS, *STATE*, NOT COUNTY, ACTIONS. ......................................... 5

4. SINCE PLAINTIFF HAS SHOWN, AFTER MULTIPLE CHANCES AND WITH EXTENSIVE TIME TO CURE, THAT HE IS UNABLE TO AMEND THE COMPLAINT TO RESOLVE THESE FATAL DEFECTS, THERE IS NO BASIS TO GRANT PLAINTIFF'S REQUEST FOR FURTHER LEAVE TO AMEND. ......................................... 9

5. CONCLUSION. ................................................................................................. 11

## 1. INTRODUCTION.

Plaintiff's Opposition to Defendants' Motion for Judgment on the Pleadings should be treated with short shrift and Judgment on the pleadings must be granted here for the following reasons.

<u>First</u>, in his Opposition, Plaintiff *admits* that Defendants Paul Zellerbach, Sean Lafferty, Tricia Fransdal, and Jeff Van Wagenen ("Defendant-Prosecutors") are entitled to absolute prosecutorial immunity under *Broam v. Bogan*. Further, Plaintiff did *not* meet his burden to establish that Defendant-Prosecutors are *not* entitled to qualified immunity, where he failed to cite a single case that would put defendants on notice that they were purportedly violating Plaintiff's constitutional rights.

<u>Second</u>, Plaintiff fails to present any applicable law to support that Defendant Paul Zellerbach's ("Defendant Zellerbach") alleged actions were administrative functions, when all such actions dealt with the disclosure of exculpatory evidence: a core aspect of prosecuting matters that is an exclusively *State* action, <u>not</u> a county action. Accordingly, Plaintiff cannot bring *Monell* claims against the County where Defendant Zellerbach was acting as an officer of the State, *not* the County.

<u>Third</u>, where (as here) after multiple opportunities to amend the Complaint, over the course of over a year, Plaintiff has conclusively shown that he is unable to further amend the Complaint to cure these fatal defects; and, thus, there is no basis for this Court to grant Plaintiff's request for leave to further amend. Indeed, after prior amendment to his Complaint, after more than a year's time to correct any deficiencies, Plaintiff's factual allegations in this matter have not materially changed since the filing of his initial complaint two years ago. Clearly, there is nothing Plaintiff can add to remedy the fact that his causes of action in this matter utterly fail as a matter of law, and there is no realistic possibility that any amendment can avoid such a defense judgment on the pleadings. Thus, under the controlling law, this Court must enter judgment for Defendants in this matter.

///

## 2. DEFENDANT-PROSECUTORS ZELLERBACH, LAFFERTY, FRANSDAL, AND VAN WAGENEN REMAIN ENTITLED TO BOTH ABSOLUTE/PROSECUTORIAL AND QUALIFIED IMMUNITY.

### A. Defendant-Prosecutors Remain Entitled to Absolute Immunity.

A close reading of Plaintiff's Opposition reveals that, in effect, Plaintiff concedes that, under the controlling law, the Defendant-Prosecutors are entitled to absolute/prosecutorial immunity here. [Dkt. 85 at 19:7-11.] However, to avoid the fatal outcome to Plaintiff's case that results from this inescapable legal truth, Plaintiff now begs this Court to exceed the scope of its power and to create an exception to the absolute immunity that is contrary to controlling law.

To elaborate, Plaintiff's sole argument as to why Defendant-Prosecutors Zellerbach, Lafferty, Fransdal, and Van Wagenen are not entitled to absolute prosecutorial immunity is requesting that this Court grant an *exception* to the established rule that "[a] prosecutor's decision not to preserve or turn over exculpatory material before trial, during trial, or after conviction is . . . an exercise of the prosecutorial function and entitles the prosecutor to absolute immunity from a civil suit for damages": and Plaintiff makes this unsupported and precedent-violative request based solely on an out-of-circuit case and a general reference to "public policy." [Dkt. 85 at 19:7-11 (quoting *Broam v. Bogan*, 320 F.3d 1023, 1028 (9th Cir. 2003).] Moreover, in fact, the out-of-circuit case Plaintiff cites, *Houston v. Partee*, explicitly notes that that "prosecutors have been granted absolute immunity for . . . the deliberate suppression of exculpatory evidence . . . ." while failing to support the immunity based on facts wholly distinguishable from this case. 978 F.2d 362, 365 (7th Cir. 1992) (declining to apply absolute immunity where defendants failed to disclose exculpatory evidence discovery *after* conviction and during appeal where defendants were not personally prosecuting the appeal). Put simply, even Plaintiff's cited authority for the precedent-violative exception Plaintiff seeks here does not apply to the facts of this case and it does not support the relief requested.

Furthermore, Plaintiff has utterly failed to rebut the fact that Defendant-Prosecutors here have explicitly met their burden in establishing that they are entitled to absolute immunity in this case where their purported decision not to disclose exculpatory evidence prior to trial was an exercise of the prosecutorial function. *See Burns v. Reed*, 500 U.S. 478, 486 (1991) (noting that the prosecutors are absolutely immune from deliberate suppression of exculpatory evidence, where intimately associated with the judicial phase of the criminal process). Plaintiff also proffers no authority to refute the legal fact that such absolute immunity is in furtherance of the broader public interest, as discussed in *Imbler v. Pachtman*: "To be sure, this immunity does leave the genuinely wronged defendant without civil redress against a prosecutor whose malicious or dishonest action deprives him of liberty. But the alternative of qualifying a prosecutor's immunity would disserve the broader public interest. It would prevent the vigorous and fearless performance of the prosecutor's duty that is essential to the proper functioning of the criminal justice system." 424 U.S. 409, 427-28 (1976).

As Plaintiff's own argument shows, there are simply no grounds for this Court to forego granting absolute immunity to Defendant-Prosecutors in this matter, and judgment must thus be granted for defendants on Plaintiff's *Tatum-Lee* claim.

**B.  Defendant-Prosecutors Remain Entitled to Qualified Immunity.**

Plaintiff also utterly fails to rebut the movant's arguments showing that the Defendant-Prosecutors also remain entitled to qualified immunity here.

In order to argue that Defendant-Prosecutors are not entitled to qualified immunity, Plaintiff relies on the very cases that Defendants already distinguished from the facts of this case in their Motion. [Dkt. 85 at 20:3-4.] In his Opposition, Plaintiff utterly fails to address the factual distinctions between *Baker v. McCollan and Lee v. City of Los Angeles* and this matter; and, thus, he does not meet his burden in establishing Defendant-Prosecutors are not entitled to qualified immunity. *Shafer v. Cty. of Santa Barbara*, 868 F.3d 1110, 1118 (once qualified immunity is raised,

plaintiff bears the burden of demonstrating the alleged right was clearly established); *see Rivas-Villegas v. Cortestluna*, 595 U.S. 1, 5 (qualified immunity inquiry must be taken in light of the specific context of the case, not as a broad general proposition).

For example, Plaintiff fails to explain why, on the facts of *this* case, *Baker* and *Lee* clearly establish Defendant-Prosecutors, as *prosecutors* and not law enforcement officers, were violating Plaintiff's rights. Plaintiff does not address the fact that, unlike here, *Baker* was a case grounded in evidence of mistaken identity involving *law enforcement officers* (not prosecutors), whereas (on the pled facts) Plaintiff was arrested and subsequently incarcerated by law enforcement officers (*not* defendants) because Plaintiff *confessed* to the crime being investigated. *See* 443 U.S. at 144-45; Dkt. 69 at ¶5. Likewise, Plaintiff fails to demonstrate how *Lee*, a matter also involving a *mistaken* incarceration due to *law enforcement officers'*, not prosecutors', failure to take proper steps to verify an individual's identity, is applicable to this matter. *Lee*, 250 F.3d at 678.

Therefore, regarding the defendants' alleged knowledge and withholding of exculpatory evidence prior to the dismissal Plaintiff's criminal charges, because Plaintiff has failed to demonstrate that it was clearly established at the time of the alleged *Brady* violation that Defendant-Prosecutors' conduct violated Plaintiff's due process rights, Defendant-Prosecutors remain entitled to qualified immunity.

**3. PLAINTIFF'S *MONELL* LIABILITY CLAIMS STILL FAILS BECAUSE DEFENDANT ZELLERBACH'S PURPORTED ACTIONS IN THIS MATTER ARE PROSECUTORIAL FUNCTIONS AND, THUS, *STATE*, NOT COUNTY, ACTIONS.**

In order to argue that Defendant Zellerbach was acting as a County official in regards to Defendant County's alleged "unlawful custom, pattern, and practice of withholding exculpatory evidence," "custom or practice of intimidating and punishing lower-level prosecutors who refused to withhold significant exculpatory evidence," and Defendant Zellerbach's alleged ratification of "the withholding of significant

exculpatory evidence from Plaintiff," Plaintiff willfully misreads *Goldstein v. City of Long Beach*, 715 F.3d 750 (2013).  [Dkt. 69 at ¶¶61-63.]

In *Goldstein,* "Goldstein claim[ed] that the Los Angeles County District Attorney's Office failed to create any system for the Deputy District Attorneys handling criminal cases to access information pertaining to the benefits provided to jailhouse informants and other impeachment information, and failed to train Deputy District Attorneys to disseminate this information."  *Id*. at 752.  The Ninth Circuit expressly found that "**it is clear that the district attorney acts on behalf of the state when conducting prosecutions**, but that the local administrative policies challenged by Goldstein [(the lack of index containing information regarding the use of jailhouse informants)] are distinct from the prosecutorial act."  *Id.* at 759 (emphasis added).  In making this finding, the Ninth Circuit explicitly distinguished Goldstein's claims from a "district attorney's function 'when preparing to prosecute and when prosecuting criminal violations of state law, and when training and developing policies for employees engaged in these activities.'"  *Id.* at 761 (quoting *Pitts v. Cty. of Kern*, 17 Cal.4th 340 (1998)), 762 ("Goldstein challenges administrative policy and accompanying training, rather than prosecutorial training and policy.").

Specifically, in *Goldstein*, the Ninth Circuit stated, "[t]he conduct at issue here does *not* involve prosecutorial strategy, but rather administrative oversight of systems used to help prosecutors comply with their constitutional duties," and the court noted "[t]here can be a 'meaningful analytical distinction' between policies and training relating to prosecutorial functions and an index made and maintained as an administrative matter."  *Id.* at 762 (emphasis added).

Here, as the case law makes clear, policy and training regarding withholding of exculpatory evidence is *a central part* of the prosecutorial function.  The core of Plaintiff's allegations in this matter is that Defendants wrongfully continued to prosecute Plaintiff despite knowledge of exculpatory evidence.  [*See* Dkt. 85 at 8:4-17.]  Unlike *Goldstein*, Plaintiff is not raising an issue about a lack of administrative

structure to help prosecutors carry out their duties; rather, Plaintiff is alleging policies associated with the prosecutorial act of individual prosecutors allegedly committing constitutional violations in their core prosecutorial function, such as whether and when to make Brady disclosures of exculpatory evidence. *Puckett v. Cty. of Sacramento*, 2023 U.S. Dist. LEXIS 39761, at *26 (E.D. Cal. Mar. 9, 2023) ("Plaintiff's allegations that the Office encouraged or tolerated *Brady* violations is a 'polic[y] or training relating to prosecutorial functions' and is not properly characterized as an administrative action removed from the prosecutorial fray.") The decision and duty to disclose evidence is simply *not* an "administrative" policy when it is inherently intertwined with the decision to prosecute cases and related criminal case prosecution strategy. *See generally id.*

Plaintiff's reliance on *Bellamy v. City of New York* and *Walker v. City of New York*, both Second Circuit cases, is also inappropriate. As stated in *Bellamy*, when determining which governmental entity (the state or the municipality) is responsible for a given function, "the Supreme Court has left no doubt that *state law*, not federal law is responsible for demarcating that division of responsibility. . . . Consequently, the responsible entity for purposes of *Monell* liability must be ascertained by looking at how the *relevant state* elects to allocate responsibilities between itself and its subdivisions." 914 F.3d 727, 760 (2nd Cir. 2019) (emphasis added)[1]; *see Walker*, 974 F.2d 293, 301. Here, the relevant state and state law is not New York's, it's California's: where it is clear that the district attorney acts on behalf of the state

---

[1] Of note, the quotation from *Bellamy* used by Plaintiff was not the Second Circuit's holding in *Bellamy*, but a quotation from an explanatory parenthetical as to a New York state law case. *Bellamy*, 914 F.3d at 761 ("*See Ramos*, 285 A.D.2d at 303 (concluding as 'firmly ground in New York law,' the conclusion from *Gentile, Walker*, and *Myers* that 'where prosecutors, pursuant to policy or custom, conceal exculpatory evidence and commit other wrongs to secure a conviction, liability rests with the county (or for New York City's constituent counties, the City)')[.]").

committing prosecutorial acts.[2]  *See Goldstein*, 715 F.3d at 755-760.  Moreover, in *Walker*, when addressing whether or not the district attorney is a municipal policymaker, the City determined that the Kings County District Attorney acted as a municipal policymaker because "the City conceded that no City official has veto authority over training or supervision decisions by the county district attorney," which was also an aspect of *New York* law and policies, *not* California's.  974 F.2d at 301.

Additionally, while Plaintiff attempts to distinguish Defendant's directly applicable case law in a cursory footnote, Plaintiff's cited additional case law, like *Goldstein*, is *not* factually analogous to this case.  [Dkt. 85 at fn. 2, fn. 3; *see* fn. 2, *supra*.]  For example, in *Singh v. Bunch*, the Eastern District of California declined to address the issue of whether plaintiff's *Monell* claim was viable because it had "not been adequately briefed" and, in any event, such allegations were as to a district attorney's training of employees as to "the constitutional limits on the use of force and abuse of power," *not* as to the disclosure of exculpatory evidence when prosecuting cases.  2017 U.S. Dist. LEXIS 4370, at *25, 28 (E.D. Cal. Jan. 11, 2017).

Accordingly, Plaintiff's argument that Defendant Zellerbach was acting as a County actor and performing an administrative function in regards to the District Attorney's Office's policies and procedures as to the disclosure of exculpatory evidence while prosecuting individuals should be treated with short shrift because the

---

[2]  Thus, Plaintiff's lengthy footnote 3 also contains a multitude of inapplicable cases.  *See Myers v. Cty. of Orange*, 157 F.3d 66, 77 (2d Cir. 1998) (citing *New York* law in support of holding); *Peterson v. Tomaselli*, 469 F.Supp.2d 146, 157-58 (same); *Milke v. City of Phoenix*, 2016 U.S. Dist. LEXIS 171649, at *55 (D. Ariz. Jan. 8, 2016) (finding Maricopa County, *AZ* Attorney was a local policy maker "[b]ased on the substance of Arizona law"); *Altamirano v. Cty. of Pima*, 2019 U.S. Dist. LEXIS 127683, at *19 (D. Ariz. July 31, 2019) (citing *Arizona* statute as basis for when county attorney is officer of the county); *Briggs v. Montgomery*, 2019 U.S. Dist. LEXIS 101625, at *60 (D. Ariz. June 18, 2019) (same); *Williams v. Fedor*, 69 F.Supp.2d 649, 658 (M.D. Penn. 1999) (determining whether district attorney was state or county official by analyzing *Pennsylvania* law).


case law Plaintiff cites is not applicable to California. The Court should thus grant judgment for Defendant County on Plaintiff's *Monell* liability claim.

**4. SINCE PLAINTIFF HAS SHOWN, AFTER MULTIPLE CHANCES AND WITH EXTENSIVE TIME TO CURE, THAT HE IS UNABLE TO AMEND THE COMPLAINT TO RESOLVE THESE FATAL DEFECTS, THERE IS NO BASIS TO GRANT PLAINTIFF'S REQUEST FOR FURTHER LEAVE TO AMEND.**

Where the pleading shows that further amendment would be futile, leave to amend should be denied. *Kendall v. Visa U.S.A., Inc.*, 518 F.3d 1042, 1051 (9th Cir. 2008). Here, as discussed at length above and in Defendants' Motion, any amendment by Plaintiff to the allegations in his First Amended Complaint ("FAC") would be futile: and thus leave to further amend must be denied. To elaborate, Plaintiff has failed to provide any <u>new</u> facts to his pleading in the over 2 years that this matter has been pending, even with extensive briefing regarding this matter in the Ninth Circuit, and even after the prior grant of leave to amend. Indeed, when comparing Plaintiff's original Complaint with his FAC, while new legal theories may have been asserted, the *fact allegations remain the same*; and any causes of action that stem from them thus fail, because Plaintiff's repeatedly substantially identical fact allegations shows that no new allegations that can satisfy the support requirements of Rule 11 will change the reality that all of Plaintiff's causes of action in this matter fail as a matter of law.

Put simply, Plaintiff is trying to repackage the same old allegations to try to squeeze a square peg into a round hole; yet the factual allegations remain materially unchanged. However, that does not change the fact that they are still the same allegations: and by repeatedly regurgitating the same facts, without any meaningful change, when he has had years to supplement such fact allegations and has failed to do so, even after discovery has been conducted in the action, Plaintiff shows that the

1  reason he has alleged no new facts that might change the legal analysis here is because
2  he *cannot* allege any new facts that might change the outcome.³

3        In sum, there is simply no way around it: because there is no way for Plaintiff
4  to change the fact that all of this claims stem from the same old allegations of an
5  alleged delay or failure by Defendant-Prosecutors, who are admittedly *not* law
6  enforcement officers, to disclose exculpatory evidence, and because there is no
7  reasonable possibility that Plaintiff can further amend the Complaint to allege that
8  Defendant-Prosecutors are not law enforcement officers, are state actors (as
9  prosecuting attorneys representing the State of California in criminal matters), and
10 that there is no factually-analogous case law existent prior to the incident to constitute
11 clearly established law, Plaintiff's *Tatum-Lee* and *Monell* claims necessarily fail as a
12 matter of law.

13       Therefore, Defendants respectfully request that the Court grant Defendants'
14 Motion for Judgment on the Pleadings in its entirety ***without* leave to amend.**

19 ///
20 ///
21 ///

---

³   The fact that it is clear that Plaintiff could neither amend his Complaint to cure the fatal pleading defects, nor identify cases showing clearly established law to defeat qualified immunity, can also be underscored by the fact that Plaintiff had 56 additional days to oppose the instant motion for judgment: and yet failed to effectively rebut the points raised by the motion. [Dkt. 80, 82 (hearing originally set for July 1, 2024 and continued to August 26, 2024); *see Shakur v. Schriro*, 514 F.3d 878, 892 (9th Cir. 2008) (holding that a plaintiff abandoned claims by not raising them in opposition to the defendant's MSJ).]



143904319.1                               10
REPLY IN SUPPORT OF DEFS.' MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

## 5. CONCLUSION.

For the foregoing reasons and those stated in Defendants' Motion for Judgment on the Pleadings, Defendants respectfully request that this Court dismiss with prejudice Plaintiff's First Amended Complaint in its entirety and enter judgment for Defendants, without further leave to amend.

DATED: August 12, 2024  LEWIS BRISBOIS BISGAARD & SMITH LLP

By: */s/ Abigail J.R. McLaughlin*
TONY M. SAIN
ABIGAIL J.R. McLAUGHLIN
LILIT ARABYAN
Attorneys for Defendants,
COUNTY OF RIVERSIDE, PAUL E. ZELLERBACH, SEAN LAFFERTY, TRICIA FRANSDAL and JEFF VAN WAGENEN

**FEDERAL COURT PROOF OF SERVICE**
Roger Wayne Parker v. County of Riverside, et al
Case No. 5:21-cv-01280-JGB-KK

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

At the time of service, I was over 18 years of age and not a party to the action. My business address is 633 West 5th Street, Suite 4000, Los Angeles, CA 90071. I am employed in the office of a member of the bar of this Court at whose direction the service was made.

On August 12, 2024, I served the following document(s): REPLY IN SUPPORT OF DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS

I served the documents on the following persons at the following addresses (including fax numbers and e-mail addresses, if applicable):

**SEE ATTACHED SERVICE LIST**

The documents were served by the following means:

☒ (BY U.S. MAIL)  I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses listed above and I deposited the sealed envelope or package with the U.S. Postal Service, with the postage fully prepaid.

☒ (BY COURT'S CM/ECF SYSTEM)  Pursuant to Local Rule, I electronically filed the documents with the Clerk of the Court using the CM/ECF system, which sent notification of that filing to the persons listed above.

I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

Executed on August 12, 2024, at Los Angeles, California.

/s/ Abigail J. R. McLaughlin
Abigail J. R. McLaughlin

143904319.1

1

REPLY IN SUPPORT OF DEFS.' MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

**SERVICE LIST**
**Roger Wayne Parker v. County of Riverside, et al**
**Case No. 5:21-cv-01280-JGB-KK**

| | |
|---|---|
| Kimberly S. Trimble, SBN 288682<br>Sarah R. Weinman, SBN 314382<br>SINGLETON SCHREIBER LLP<br>591 Camino De La Reina, Ste. 1025<br>San Diego, California 92108 | Attorneys for Plaintiff, ROGER WAYNE PARKER<br><br>Tel: (619) 810-9430<br>ktrimble@singletonschreiber.com<br>sweinman@singletonschreiber.com |
| Wilbur O. Colom, MS SBN 6403<br>*(Pro Hac Vice)*<br>COLOM AND BRANT LLC<br>SPECIAL COUNSEL TO THE PRESIDENT OF THE NAACP<br>P. O. Box 866<br>Columbus, MS 397703 | Telephone: (662) 327-0903<br>wil@colom.com |